Pennsylvania Coal Mining Association et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources et al., Respondents.

Keystone Bituminous Coal Association et al., Petitioners *v.* Commonwealth of Pennsylvania, Department of Environmental Resources et al., Respondents.

Argued June 2, 1981, before President Judge CRUMLISH, JR. and Judges MENCER, BLATT, WILLIAMS, JR. and CRAIG.

*Steven L. Friedman,* with him *Stephen C. Braverman, Dilworth, Paxson, Kalish & Levy,* for petitioners, Pennsylvania Coal Mining Association, Sunbeam Coal Corporation, and West Freedom Mining Corporation.

*Henry McC. Ingram,* with him *Thomas C. Reed, Rose, Schmidt, Dixon, Hasley, Whyte & Hardesty,* for petitioners, Keystone Bituminous Coal Association; The Bethlehem Mines Corporation; Consolidation Coal Company; Jones & Laughlin Steel Corporation; The North American Coal Corporation; Republic Steel Corporation; Rochester & Pittsburgh Coal Company; United States Steel Corporation; and Charles H. Muse, Jr., an individual.

*James D. Morris,* Assistant Attorney General, with him *Douglas R. Blazey,* Assistant Attorney General, for respondents.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., December 22, 1982:

In this consolidated action, the Petitioners[1] have filed petitions and amended petitions for review in the the nature of complaints in equity[2] seeking to enjoin the Respondents[3] from submitting or resubmitting a state program of surface coal mining regulation to the Secretary of the United States Department of the Interior (Federal Secretary) in accordance with the Federal Surface Mining Conservation and Reclamation Act of 1977 (SMCRA).[4] The Respondents have filed preliminary objections. We dismiss the amended petitions as moot.

Shortly after SMCRA's passage, the Pennsylvania General Assembly enacted a number of laws regulat-

---

[1] Petitioners in case No. 2718 C.D. 1980 include the Pennsylvania Coal Mining Association (an association of surface coal mining operators), the Sunbeam Coal Corporation and West Freedom Mining Association. Petitioners in case No. 2719 C.D. 1980 include the Keystone Bituminous Coal Association (an association of individuals and entities engaged in the mining of bituminous coal), Bethlehem Mines Corporation, Consolidation Coal Company, Jones & Laughlin Steel Corporation, North American Coal Corporation, Republic Steel Corporation, Rochester & Pittsburgh Coal Company, United States Steel Corporation, and Charles H. Muse, Jr. (an individual coal-property owner).

[2] These actions come to us in our original jurisdiction under Section 761(a)(1) of the Judicial Code, 42 Pa. C. S. §761(a)(1), which provides in part:

Original Jurisdiction.

(a) General Rule—The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity. . . .

[3] The Respondents are the Commonwealth of Pennsylvania, the Department of Environmental Resources and its Secretary, Clifford L. Jones.

[4] 30 U.S.C. §1201 et seq.

ing coal mining in the Commonwealth.[5] In addition, a comprehensive set of implementing regulations was prepared and subsequently approved by the Environmental Quality Board (EQB). The Petitioners requested this Court to, *inter alia*, enjoin the Department of Environmental Resources (DER) from: 1) submitting or resubmitting to the federal government a state surface mining program as provided for under SMCRA; 2) submitting implementing regulations to the EQB; and 3) taking further action to enforce a permanent state surface mining program.

By order of this Court dated November 26, 1980, Respondents were enjoined from submitting to the federal government a revised regulatory program[6] "until such time that the judicial challenges to the Surface Mining and Reclamation Act . . . and regulations promulgated thereunder are finally adjudicated but in no event longer than (1) one year. . . ." This injunction was subsequently modified to prohibit the Respondents from enforcing a *state* program of surface mining regulation identical to and based upon SMCRA, the constitutionality of which was then on appeal to the United States Supreme Court. Following the expiration of the preliminary injunction, the

---

[5] An overview of SMCRA and the federal-state regulatory scheme is provided by the United States Supreme Court in *Hodel v. Virginia Surface Mining and Reclamation Association*, 452 U.S. 264 (1981). Basically, SMCRA, which establishes a comprehensive set of minimum nationwide mining control regulations, affords the states the opportunity to assume permanent regulatory authority (that is, primacy) over surface coal mining operations on non-federal lands within their borders. A state is granted primacy when it receives approval from the Federal Secrtary of a proposed permanent regulatory program.

[6] The Commonwealth had originally submitted a program proposal but it had been rejected by the Federal Secretary on October 22, 1980. Under SMCRA, the proposal could be amended and resubmitted.

Commonwealth, on January 25, 1982, submitted to the Federal Secretary revised statutes and regulations as part of its program resubmission. On July 30, 1982, the Commonwealth was granted primary jurisdiction to administer its coal mining regulatory program.[7]

There is no longer a judicable controversy. The constitutionality of SMCRA has been litigated.[8] The Commonwealth has been granted primacy, hence there is no longer the threat of confusion or undue burden allegedly associated with joint federal and state regulation. Finally, the Petitioners' request has been satisfied: one year's breathing room for Pennsylvania's coal mining industry. No actual controversy still exists; thus, the amended petitions for review must be dismissed as moot.

### ORDER

It is hereby ordered that the amended petitions for review in the nature of complaints in equity in the above-captioned matters are dismissed as moot.

Judges MENCER and PALLADINO did not participate in the decision in this case.

---

[7] See 12 Pa. Bull. 2382 (July 31, 1982).

[8] See Hodel v. Virginia Surface Mining and Reclamation Association, 452 U.S. 264 (1981); see also Hodel v. Indiana, 452 U.S. 314 (1981).