Kenneth EDMUNSON, a/k/a, Kenneth Audain; BS 9420, Petitioner,

v.

Martin HORN, in his official capacity as, Commissioner Pa. Dept. of Corrections; Thomas English, in his official capacity as Superintendent of SCI–Greensburg; Mark E. Guzzi, in his official capacity as Assistant chief counsel, Dept. of Cor-

rections; Nicholas P. Muller, in his official capacity as Chairman Pa. Board of Parole & Probation; Pa. Dept. of Corrections, its agents and all persons acting in concert or participation with them, Respondents.

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 4, 1997.

Decided June 12, 1997.

Kenneth Edmunson, petitioner, pro se.

Jill C. Fluck, Assistant Counsel, for respondents.

Before DOYLE, and PELLEGRINI, JJ., and RODGERS, Senior Judge

RODGERS, Senior Judge.

Presently before this Court are the preliminary objections in the nature of a demurrer filed by Martin Horn, Commissioner of the Pennsylvania Department of Corrections, Thomas English, Superintendent of the State Correctional Institution at Greensburg (SCI Greensburg), Mark E. Guzzi, Assistant Chief Counsel for the Department of Corrections and Nicholas Muller, Chairman of the Pennsylvania Board of Probation and Parole, Pennsylvania Department of Corrections (collectively referred to as Respondents) in response to a *pro se* petition for review filed by Kenneth Edmunson a/k/a Kenneth Audain (Petitioner) seeking a declaratory injunction and/or mandamus relief. We hereby grant Respondents' demurrer.

■ Petitioner, an inmate at SCI Greensburg, commenced the instant action on September 3, 1996 by filing a petition for review in this Court's original jurisdiction. The petition for review asserts that in retaliation for providing fellow inmates with legal assistance, officials at SCI Greensburg initi-

ated an investigation against Petitioner which resulted in a search of his cell and confiscation of certain contraband. Petitioner was charged with misconduct and appeared at a hearing pursuant to SCI Greensburg's intra-prison disciplinary procedures.[1] Petitioner was "convicted" of misconduct and he subsequently appealed to the institution's PRC, the Superintendent of SCI Greensburg and finally, to the CORC. The CORC ultimately denied Petitioner's appeal, noting that the hearing examiner had clearly established by a preponderance of the evidence that Petitioner did not have authorization to possess the contraband items in his cell. Petitioner then commenced the instant action to which Respondents have demurred.[2]

■ Respondents' demurrer avers that Petitioner's declaratory judgment action is "a thinly disguised appeal of the decision on the misconduct conviction" (Petitioner's brief at page 5) and that pursuant to this Court's holding in *Ricketts,* he is not entitled to review by this Court. In *Ricketts,* the petitioner implicitly argued that a decision by the CORC is a final adjudication by an administrative agency and thus appealable. The *Ricketts* court stressed that the operation of correctional facilities is peculiarly within the province of the legislative and executive branches of the government and not the judicial branch. Moreover, the *Ricketts* court noted, it is the function of the CORC panel to review an internal disciplinary sentence for an inmate already confined and to transfer that inmate to a more restrictive part of the prison. The court concluded that these functions were simply not the equivalent of an action by an administrative agency.

1. The Department of Corrections' Bureau of Corrections–Administrative Directive 801 (BC–ADM 801) sets up an intra-prison disciplinary review tribunal and appeals process to administer prison discipline. Under BC–ADM 801, a prisoner charged with misconduct first receives a hearing before a hearing examiner. Decisions of the hearing examiner may then be appealed first to a program review committee (PRC), then to the Superintendent of the prison, and finally to the Central Office of Review Committee (CORC). The CORC is a review panel within the Department of Corrections' Office of Chief Counsel which conducts the final review of a prison misconduct charge. *See Ricketts v. Central Office Review Committee of The Department of Correc-*

*tions,* 125 Pa.Cmwlth. 670, 557 A.2d 1180 (1989), *petition for allowance of appeal denied,* 524 Pa. 636, 574 A.2d 75 (1989).

2. In ruling on preliminary objections in the nature of a demurrer, this Court must accept as true all well-pleaded facts and all inferences reasonably deducible therefrom. *Stone and Edwards Insurance Agency, Inc. v. Department of Insurance,* 151 Pa.Cmwlth. 266, 616 A.2d 1060 (1992). The question presented by a demurrer is whether, in the facts averred, the law says with certainty that no recovery is possible. *Jackson v. Garland,* 424 Pa. Superior Ct. 378, 622 A.2d 969 (1993).

Unlike the petitioner in *Ricketts*, Petitioner in the present action has not sought a direct appeal of the decision of the CORC. Instead, Petitioner has sought to have this Court review the outcome of the intra-prison disciplinary proceedings under the guise of an action brought under this Court's original jurisdiction. A review of Petitioner's petition for review reflects that the averments of the petition all relate to the alleged misconduct and the disciplinary proceedings.[3] Regardless of whether the action was brought as a direct appeal or in this Court's original jurisdiction, it is clear that Petitioner now seeks to have this Court review his misconduct determination. Because we do not have jurisdiction over determinations of this kind, *Ricketts*, we must grant Respondents' preliminary objections in the nature of a demurrer.[4]

Accordingly, Petitioner's petition for review is dismissed.

### ORDER

NOW, June 12, 1997, upon consideration of Respondents' preliminary objections to Petitioner's petition, said preliminary objections are granted, and the Petitioner's petition for review and Petitioner's cross motion for summary relief are dismissed.

---

**3.** Among Petitioner's claims are the alleged improper search of his cell, removal from his inmate job, interference with his legal work for other prisoners and the failure of Respondents to comply with the regulations and policies governing the disciplinary proceedings.

**4.** In light of our holding with regard to Respondents' preliminary objections in the nature of a demurrer, we need not address Petitioner's "Cross-motion for Summary Disposition."