**Alton D. BROWN, Appellant**

v.

**PA. DEPT. OF CORRECTIONS; Robert S. Bitner; and Neil K. Mechling.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 30, 2006.

Decided Sept. 8, 2006.

Publication Ordered Dec. 29, 2006.

Alton D. Brown, appellant, pro se.

Timothy I. Mark, Asst. Counsel and Michael A. Farnan, Chief Counsel, Camp Hill, for appellees.

## OPINION

PER CURIAM.

Alton D. Brown (Brown) appeals pro se from the order of the Court of Common Pleas of Fayette County (common pleas court), which granted the motion of Pennsylvania Department of Corrections (DOC), Robert S. Bitner (Bitner), and Neil K. Mechling (Mechling) (collectively, Respondents) to dismiss Brown's petition for a writ of mandamus in accordance with Section 6602(f) of what is commonly referred to as the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. § 6602(f).

Brown currently is incarcerated at the State Correctional Institution at Graterford. He previously was incarcerated at the State Correctional Institution at Fayette (SCI–Fayette). On July 14, 2004, a corrections officer ordered Brown to remove all obstructions from the windows on his cell door. Two hours later the officer returned to the door and found that the obstructions were not removed. The corrections officer filed a misconduct report and charged Brown with refusing to obey an order. Following that misconduct charge, Brown was denied yard privileges. Brown then filed an inmate request for an explanation why he was denied his yard privileges on July 14, 2004. Unit Manager

Blandford responded, "You were issued a memo that stated you could be subject to a misconduct or loss of privilege if you cover lights, windows, etc. . . . ." Inmate's Request to Staff Member, July 14, 2004, at 1. Brown requested a hearing on the issue of the misconduct.

Brown requested that Lieutenant Blakey appear as a witness and alleged he would testify that Brown's door window was never covered. The Hearing Examiner denied the request because the report was clear and Lieutenant Blakey was not needed to establish guilt or innocence. In his written statement, Brown alleged that he was purposely given a misconduct in order to justify his continued confinement in his unit and for retaliation purposes. In her report, the Hearing Examiner found credible that Brown was ordered to remove an obstruction from his door and two hours later the covering was still there. Brown was ordered to spend thirty days in disciplinary confinement.

Brown then filed a misconduct hearing appeal and alleged that he was denied an impartial hearing examiner because the hearing examiner ignored his evidence and denied him the opportunity to call Lt. Blakey as a witness, then relied on the misconduct report to find him guilty. Also, Brown alleged that the hearing examiner refused to view a videotape of the "pod" which Brown believed would indicate that he never covered his door window. Brown alleged that the hearing examiner was biased because he had a pending lawsuit against her. He also alleged that the hearing examiner refused to examine his housing record which would reflect that he had been on good behavior for the past eleven months.

Brown also alleged that the hearing examiner failed to summarize his testimony and written inmate version in accordance with DC–ADM VI(e)(6); failed to include in her written summary why she rejected his testimony and accepted the written misconduct report; and did not explain the thirty day sentence in light of his past good behavior. Brown believed that because he already had been punished with a loss of privileges he could not receive a misconduct for the same conduct. Brown's appeal was reviewed by the program review committee on July 21, 2004, which sustained the hearing examiner's decision.

Brown appealed the program review committee's decision to Mechling, Superintendent of SCI–Fayette. By memorandum dated July 28, 2004, Mechling denied the appeal. Brown then made a final appeal to Bitner, Chief Hearing Examiner for DOC. Bitner reviewed the entire record and concluded:

> The issues you raise to final review have already been addressed by the Program Review Committee and the Superintendent. On review of this record, this office concurs with their responses. I find no persuasive basis from which to conclude that the Examiner erred in conducting the hearing. The Examiner specifically documented findings of fact based on evidence presented at the hearing to support the decision. The procedures followed were in complete accordance with DC–ADM 801, § VI. The sanction imposed is not viewed to be disproportionate to the offense, and therefore will not be amended at this level. Your request for Lt. Blakey as a witness was denied by the Examiner in accordance with DC ADM 801, VI E, 7a.

Letter from Robert S. Bitner, Chief Hearing Examiner, August 16, 2004, at 1.

Having exhausted his administrative remedies, Brown petitioned for a writ of mandamus with the common pleas court on September 13, 2004. Brown essentially raised the same issues that he did

throughout the administrative appeals. Brown sought a declaratory judgment stating that DOC, Bitner, and Mechling violated their own rules, laws, and procedures governing inmate discipline, compensatory damages in the amount of $2,500.00, attorney's fees and costs, and the expungement of the misconduct from his file. Brown also requested that he be allowed to proceed in forma pauperis.

On June 23, 2005, the Respondents moved to dismiss the petition for writ of mandamus and the request to proceed in forma pauperis under the provision contained in Section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f)[1], because Brown had already had three or more of these prior civil actions dismissed and he was not in imminent danger of serious bodily injury.

By order dated July 20, 2005, the common pleas court granted the Respondents' motion to dismiss and denied Brown's request to appear in forma pauperis. The common pleas court noted that this Court had determined that Brown had previously accumulated more than "three strikes" under Section 6602(f)(1) of the PLRA in *Brown v. James*, 822 A.2d 128 (Pa.Cmwlth. 2003), *petition for allowance of appeal denied*, 577 Pa. 736, 848 A.2d 930 (2004).

Brown appealed to our Pennsylvania Superior Court which transferred the appeal to this Court.

Brown contends that the common pleas court abused its discretion when it denied him in forma pauperis status on the grounds that Brown had been previously determined to be subject to Section 6602(f) of the PLRA, that the common pleas court erred when it determined that the petition for writ of mandamus was without merit, and that the common pleas court's refusal to grant in forma pauperis status pursuant to Section 6602(f) of the PLRA denied Brown access to the courts in violation of the Pennsylvania and United States Constitutions.

Initially, Brown contends that the common pleas court erred when it denied him in forma pauperis status because even though he had accumulated "three strikes" for frivolous law suits pursuant to Section 6602(e)(2) of the PLRA, because the common pleas court was not compelled to deny him in forma pauperis status.

In *Payne v. Department of Corrections*, 813 A.2d 918, 928 (Pa.Cmwlth.2002), *affirmed in part and reversed in part*, 582 Pa. 375, 871 A.2d 795 (2005), this Court

---

1. Section 6602(f) provides:

   **(f) Abusive litigation.**—If the prisoner has previously filed prison conditions litigation and:

   (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or,

   (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order

which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

Section 6602(e)(2) of the PLRA, 42 Pa.C.S. § 6602(e)(2) provides:

**(e) Dismissal of litigation.**—Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:

. . . .

(2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

determined that the "three strikes provision" contained in Section 6602(f)(1) of the PLRA was analogous to a jurisdictional hurdle that one seeking in forma pauperis status to challenge prison conditions must overcome.

Section 6601 of the PLRA, 42 Pa.C.S. § 6601, defines prison conditions litigation as:

> [a] civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or habeas corpus proceedings challenging the fact or duration of confinement in prison.

In the present case, it is undisputed that Brown's litigation comes under the PLRA. This Court finds that the common pleas court did not abuse its discretion when it denied Brown in forma pauperis status and dismissed his petition for a writ of mandamus. In *Brown v. James,* 822 A.2d 128 (Pa.Cmwlth.2003), *petition for allowance of appeal denied,* 577 Pa. 736, 848 A.2d 930 (2004), this Court determined that Brown had more than exceeded his three strikes and Section 6602(f)(1) of the PLRA applied. Brown's argument that the common pleas court abused its discretion lacks any basis in fact or law.

■ Brown next contends that the common pleas court erred when it found his petition for a writ of mandamus was without merit. Brown argues that in his petition for writ of mandamus he sought to have this Court force the Respondents to provide him with a hearing in accord with DOC's own rules.

The common pleas court determined that the petition for writ of mandamus failed to state a claim upon which relief could be granted and was frivolous. This Court agrees. Brown challenges DOC's decision to place him under restrictions for thirty days as part of his misconduct. This Court and our Pennsylvania Supreme Court have previously held that DOC's decision concerning charges of misconduct against an inmate are beyond this Court's appellate or original jurisdiction. *Bronson v. Central Office Review Committee,* 554 Pa. 317, 721 A.2d 357 (1998); *Edmunson v. Horn,* 694 A.2d 1179 (Pa.Cmwlth.1997). In *Bronson,* our Pennsylvania Supreme Court reasoned:

> [I]nternal prison operations are more properly left to the legislative and executive branches, and that prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference.... Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the 'full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding.'

*Bronson,* 554 Pa. at 321, 721 A.2d at 358–359. (Citations omitted).

Although this controversy is distinguishable from *Bronson* and *Edmunson* insofar as Brown appealed his misconduct to the common pleas court rather than this Court, the limitations placed upon the judiciary to rule on issues of internal prison operations as set forth in *Bronson* apply to our common pleas courts as well. Further, in *Robson v. Biester,* 53 Pa.Cmwlth. 587, 420 A.2d 9, 12 (1980), this Court de-

termined that the "operation of correctional facilities is peculiarly within the province of the legislative and executive branches of the government and not the judicial branch." This Court finds no error on the part of the common pleas court.

Brown next contends that the common pleas court's refusal to allow him to proceed in forma pauperis denied him access to the court system in violation of the Fifth Amendment of the United States Constitution and Article I, Section 1 of the Pennsylvania Constitution. Brown is a well-qualified abusive litigator within the meaning of the PLRA. Also, Brown was not prevented from filing his lawsuit. The Respondents moved to dismiss. Brown had the opportunity to respond to the motion but did not claim that he was eligible for the safe harbor provision of the PLRA because he was in imminent danger of serious bodily harm. Further, no litigant is permitted to prosecute a lawsuit which fails to state a claim upon which relief may be granted. Our United States Supreme Court stated, "Depriving someone of a frivolous claim . . . deprives him of nothing at all, except perhaps the punishment of . . . sanctions." *Lewis v. Casey*, 518 U.S. 343, 353 n. 3, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Brown's contention that he was denied access to the courts is groundless.

Accordingly, this Court affirms.

### ORDER

AND NOW, this 8th day of September, 2006, the order of the Court of Common Pleas of Fayette County in the above-captioned matter is affirmed.