# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendell Long,                                    :
                                                 : No. 1920 C.D. 2015
                              Appellant          : Submitted:  April 29, 2016
                                                 :
              v.                                 :
                                                 :
Kenneth D. Kyler                                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED:  August 26, 2016


Wendell Long appeals *pro se* from the September 8, 2015 order of the Court of Common Pleas of Huntingdon County (trial court) granting the preliminary objections filed by Kenneth D. Kyler and dismissing the Petition for Relief filed by Long under the statute commonly known as the Prison Litigation Reform Act (PLRA), 42 Pa.C.S. §§6601-6608.  We affirm.

At all relevant times, Long was an inmate at the State Correctional Institution at Huntingdon (SCI Huntingdon), and Kyler was its Superintendent.  On May 6, 2000, Long received a misconduct report charging him with lewd conduct in a bathroom stall.  On May 9, 2000, a hearing examiner held a misconduct hearing and dismissed the misconduct charge without prejudice due to lack of evidence.  That same day, Long was issued another misconduct charge based on the same behavior but asserting different charges.  On May 11, 2000, a hearing was

held on the second misconduct charge. The hearing examiner found Long guilty of all charges and issued Long 30 days' disciplinary custody, loss of job, loss of honor block status, and loss of single cell status. Long appealed to the Program Review Committee, former Superintendent Kyler, and the Chief Hearing Officer, each of which denied the appeal and upheld the sanctions.

In 2001, Long filed a Petition for Relief against Kyler, seeking a declaration that his prison misconduct conviction and the sanctions imposed are invalid, unconstitutional, and must be expunged from his record. Long asserts that the misconduct charges were filed deliberately by correctional employees who falsified evidence with the intent of depriving Long of his constitutional rights. Long further contends that the hearing officer violated his constitutional right to due process by denying his request to have representation and witnesses present at the misconduct hearing. Long avers that the action or inaction of Kyler in failing to monitor employees under his supervision allowed those employees to violate Long's constitutional rights, in violation of Kyler's duties as superintendent.

Kyler filed timely preliminary objections in the nature of a demurrer, and the matter sat dormant for more than a decade.[1] Thereafter, the trial court invited the parties to submit briefs in support of their respective positions and, after considering the same, granted Kyler's preliminary objections.

On appeal to this Court, Long asks this Court to declare the disciplinary conviction and sanction invalid, expunge the same from his record,

---

[1] The trial court's Pa.R.A.P. 1925(a) opinion states that after a file review revealed that the case was still pending, an August 10, 2015 order was issued directing that the matter be placed on an argument list. Although there was correspondence between Long and then President Judge Stewart Kurtz, neither party filed the appropriate document to move the case. Trial court op. at 1 n.1.

and reinstate the status he lost as a result of the invalid conviction. He also asks for compensatory and punitive damages.

When reviewing an order granting preliminary objections in the nature of a demurrer, our standard of review is *de novo* and our scope of review is plenary. *Balletta v. Spadoni*, 47 A.3d 183, 188 n.2 (Pa. Cmwlth. 2012). Preliminary objections are properly sustained when, based on the facts pled, it is clear that the plaintiff will be unable to prove facts legally sufficient to establish a right to relief. *Id.* We must accept as true all well-pled, material, and relevant facts alleged in the complaint and every inference that may be fairly deduced from those facts. *Id.* However, we need not accept any of the complaint's conclusions of law or argumentative allegations. *Small v. Horn*, 722 A.2d 664, 668 (Pa. 1998).

Because Long's Petition for Relief challenges internal prison operations, the issues he raises are not reviewable by this Court. *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998); *Brown v. Pennsylvania Department of Corrections*, 913 A.2d 301, 305 (Pa. Cmwlth. 2006). Indeed, we have specifically held that decisions of the Department of Corrections "concerning charges of misconduct against an inmate are beyond this Court's *appellate or original* jurisdiction." *Brown*, 913 A.2d at 305 (emphasis added).

In *Bronson*, our Supreme Court explained that

> [I]nternal prison operations are more properly left to the legislative and executive branches, [and] prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference. . . . Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate

3

grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. Therefore, the commonwealth court [sic] does not have appellate jurisdiction, under 42 Pa.C.S. §763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

721 A.2d at 358-59 (quotations and citations omitted). In *Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980), this Court determined that the "operation of correctional facilities is peculiarly within the province of the legislative and executive branches of the government and not the judicial branch." The fact that Long couches his claims as violations of his constitutional rights does not alter the fact that his challenges to the credibility of witnesses, the evidence presented, and the determination made at his misconduct hearing are not matters within this Court's appellate jurisdiction.[2]

Moreover, Long's vague assertions that the misconduct proceedings and the attendant sanctions deprived him of constitutional rights also must fail.

Procedural due process in a misconduct proceeding is satisfied if an inmate receives written notice of the charges at least 24 hours before the hearing, receives a written statement of facts by the fact finder as to the evidence relied upon and reasons for the action taken, and is afforded a qualified right to call witnesses and present documentary evidence in his defense when institutional safety or correctional goals are not placed at risk. *Id.* Long's only relevant assertion is that he was denied the opportunity to call unnamed witnesses. Because Long has not identified in his petition what witnesses he asked to call or how he

---

[2] "[T]he limitations placed upon the judiciary to rule on issues of internal prison operations set forth in *Bronson* apply to our common pleas courts as well." *Brown*, 913 A.2d at 305.

was prejudiced by not being allowed to call them, his allegations in this regard do not state a claim that his due process rights were violated.

In *Singleton v. Lavan*, 834 A.2d 672, 675-76 (Pa. Cmwlth. 2003), we noted that an inmate's placement in restricted housing unit for 30 days does not violate his due process rights.[3]  Additionally, this Court has previously held that an inmate has no protected liberty interest in a specific prison job.  *Bush v. Veach*, 1 A.3d 981, 984 (Pa. Cmwlth. 2010); *Miles v. Wiser*, 847 A.2d 237, 240-41 (Pa. Cmwlth. 2004).  Finally, it is well settled that an inmate does not have a right to be housed in a particular area within a facility; rather, it is entirely a matter of the Department of Corrections' discretion where to house an inmate.  *Clark v. Beard*, 918 A.2d 160-61 (Pa. Cmwlth. 2007); *Chem v. Horn*, 725 A.2d 226, 229 (Pa. Cmwlth. 1999).  Consequently, neither Long's 30 days' disciplinary custody, the loss of his job, nor the loss of his honor block status and single cell implicates his due process rights.

Accordingly, the trial court properly granted Kyler's preliminary objections, and we affirm.

_____
MICHAEL H. WOJCIK, Judge

---

[3] *See also Sandin v. Conner*, 515 U.S. 472 (1995) (discipline of 30 days in segregated confinement did not violate an inmate's due process rights because it did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Wendell Long,                          :
                                       : No. 1920 C.D. 2015
                    Appellant          :
                                       :
            v.                         :
                                       :
Kenneth D. Kyler                       :


# O R D E R


AND NOW, this 26<u>th</u> day of <u>August</u>, 2016, the order of the Court of Common Pleas of Huntingdon County, dated September 8, 2015, is affirmed.


_____
MICHAEL H. WOJCIK, Judge