# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Yanick Aina,                                    :
                                                      :
                              Petitioner              :
                                                      :
               v.                                     : No. 555 M.D. 2019
                                                      : Submitted: April 17, 2020
Pennsylvania Board of Probation                       :
and Parole, John J. Talaber, Board                    :
Secretary, Pennsylvania Department                    :
of Corrections, John E. Wetzel,                       :
Secretary, Barry Smith,                               :
SCI-Houtzdale Manager, Fuents                         :
Nunez, Hearing Examiner,                              :
Shaw Wiggins, Hearing Examiner,                       :
Colleen Vingless, Inmate Records                      :
Manager,                                              :
                                                      :
                              Respondents             :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED: September 9, 2020


        Before the Court are the preliminary objections (POs) in the nature of

a demurrer of the Pennsylvania Board of Probation and Parole (Board)[1]; John J.

Talaber, Board Secretary (collectively, Board Respondents); the Pennsylvania

---

[1] Following the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15 and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa. C.S. §§6101, 6111(a).

Department of Corrections (Department); John E. Wetzel, Secretary; Barry Smith, State Correctional Institution (SCI) at Houtzdale Manager; Fuents Nunez, Hearing Examiner; Shaw Wiggins, Hearing Examiner (collectively, Hearing Examiners); and Colleen Vingless, Inmate Records Manager (collectively, Department Respondents), to the petition for review (PFR) filed by Andre Yanick Aina (Inmate) filed in our original jurisdiction seeking summary relief. We deny summary relief, sustain the POs, and dismiss the PFR with prejudice.

At the time of filing the PFR, Inmate was housed at SCI-Houtzdale. PFR ¶1.[2] On August 13, 2017, Inmate was charged with a misconduct to which he pleaded guilty at a hearing. *Id.* ¶11, Exhibit B. On January 16, 2018, the Board denied Inmate parole based, in part, on his admitted misconduct. *Id.*, Exhibit M.

On June 23, 2018, Inmate was charged with another misconduct to which he again pleaded guilty at a hearing. PFR ¶15, Exhibit A. On January 15, 2019, the Board denied Inmate parole based, in part, on his admitted misconduct. *Id.*, Exhibit M. Inmate submitted an administrative appeal of his parole denial, *id.* ¶18, Exhibit U, which the Board also denied. *Id.* ¶¶20, 35, 36, Exhibits U, V.

On August 7, 2019, Inmate was charged with another misconduct of which he was found guilty following a hearing. PFR ¶¶22, 23, Exhibit N. On August 19, 2019, and various following dates, Inmate appealed his misconduct and filed a number of grievances alleging, *inter alia*, that the foregoing misconducts are invalid because Department Hearing Examiners are not empowered to administer oaths as they do not possess Notary Public Commissions as required by

---

[2] On April 21, 2020, Inmate filed a Notice of Change of Address in this Court, which indicated that he was released from incarceration on April 1, 2020, and that he is now residing in Springfield, Virginia. We also note that Inmate's sentence is set to expire on April 8, 2021. PFR at Exhibit E.

the former Sections 8 and 16 of the Notary Public Law of 1953 (Notary Public Law), Act of August 21, 1953, P.L. 1323, *as amended*, formerly 57 P.S. §§154, 162, repealed by Section 3(2)(ix) of the Act of October 9, 2013, P.L. 609, effective October 26, 2017.  PFR ¶¶24-26, 29, 32, Exhibits A, F, N.  Based on the foregoing, Inmate asserts that Board Respondents and Department Respondents have violated his rights as guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution, U.S. Const. amend. VIII, XIV.  *Id.* ¶¶1, 2.

As a result, Inmate seeks the following summary relief[3]:  (1) a jury trial; (2) $50,000.00 in compensatory damages; (3) a writ of mandamus[4] compelling Department Respondents to expunge the misconducts and to correct his

---

[3] Citing Pa. R.A.P. 1532(b), Inmate seeks summary relief in the "Relief Sought" portion of the PFR.  *See* PFR at 10.  Pa. R.A.P. 1532(b) states, in relevant part, "At any time after the filing of a [PFR] in an . . . original jurisdiction matter, the court may on application enter judgment if the right of the applicant thereto is clear."  For the sake of expedience, we will consider Inmate's citation to Pa. R.A.P. 1532(b) as such an application.  In an original jurisdiction matter, a motion for summary relief may be granted only where no material fact is in dispute and the right of the moving party to relief is clear.  *Allen v. Pennsylvania Board of Probation and Parole*, 207 A.3d 981, 984 n.4 (Pa. Cmwlth. 2019).

[4] A proceeding in mandamus is an extraordinary remedy at common law, designed to compel the performance of a ministerial act or mandatory duty.  *Duncan v. Pennsylvania Department of Corrections*, 137 A.3d 575, 576 (Pa. 2016); *Allen v. Department of Corrections*, 103 A.3d 365, 370 (Pa. Cmwlth. 2014).  "The purpose of mandamus is not to establish legal rights, but to enforce those rights already established beyond peradventure."  *Allen*, 103 A.3d at 369 (quoting *Detar v. Beard*, 898 A.2d 26, 29 (Pa. Cmwlth. 2006)).  "This Court may only issue a writ of mandamus where:  (1) the petitioner possesses a clear legal right to enforce the performance of a ministerial act or mandatory duty; (2) the [respondent] possesses a corresponding duty to perform the act; and (3) the petitioner possesses no other adequate or appropriate remedy."  *Id.* at 370; *accord Duncan*, 137 A.3d at 576.  "Mandamus can only be used to compel performance of a ministerial duty and will not be granted in doubtful cases."  *Allen*, 103 A.3d at 370.

institutional record;[5] and (4) a writ of mandamus compelling Board Respondents to conduct a full panel interview with the updated institutional records, presumably to reconsider his eligibility for parole. PFR at 10-11. In response, Board Respondents and Department Respondents have filed the POs in the nature of a demurrer, and the parties have filed briefs in support of their respective positions.[6]

---

[5] Inmate also claims that Department Respondents violated his constitutional rights by delaying the lifting of a Nevada detainer. PFR ¶¶1, 10. However, Inmate acknowledges that the detainer was ultimately lifted on October 23, 2018. *Id.* ¶10, Exhibit C.

[6] As this Court has explained:

> In ruling on [POs], we must accept as true all well-pleaded material allegations in the [PFR], as well as all inferences reasonably deduced therefrom. The Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain [POs], it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A [PO] in the nature of a demurrer admits every well-pleaded fact in the [PFR] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the complaint.

*Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted). Therefore, in considering Inmate's claims, we are limited to the allegations raised in the PFR; any additional claims or arguments contained in his brief filed in opposition to the POs will not be considered in disposing of the POs. *Id. See also Feigley v. Department of Corrections*, 872 A.2d 189, 193 n.3 (Pa. Cmwlth. 2005) ("[The inmate] attempts to augment the averments in his [PFR] by making various allegations in his three briefs and by attaching documents thereto. Factual disputes are framed by pleadings, not briefs, therefore, we do not consider these additional allegations and documents.").

4

With respect to Inmate's claims seeking to compel Board Respondents to conduct a full panel interview to reconsider his eligibility for parole, we note that, as outlined above, Inmate has notified this Court that he was released from incarceration on April 1, 2020. "[W]here '[i]ntervening changes in the factual matrix of a pending case' occur which eliminate an actual controversy and make it impossible for the court to grant the requested relief, the case will be dismissed as moot." *Pagnotta v. Pennsylvania Interscholastic Athletic Association Inc.*, 681 A.2d 235, 237 (Pa Cmwlth. 1996) (citation omitted). Moreover, this Court may *sua sponte* raise the issue of mootness. *Battiste v. Borough of East McKeesport*, 94 A.3d 418, 424 (Pa. Cmwlth. 2014). As a result, Inmate's claims in this regard are dismissed as moot. *See, e.g.*, *Pennsylvania Coal Mining Association v. Department of Environmental Resources*, 453 A.2d 694, 695 (Pa. Cmwlth. 1982) ("[T]he Petitioners' request has been satisfied: one year's breathing room for Pennsylvania's coal mining industry. No actual controversy still exists; thus, the amended [PFRs] must be dismissed as moot.").[7,8]

Finally, regarding Inmate's claims seeking to compel Department Respondents to correct his institutional records by expunging his misconducts,

---

[7] *See also Allen v. Birmingham Township*, 244 A.2d 661, 662 (Pa. 1968) (holding an appeal of township residents from the denial of their request to enjoin another landowner from removing land as an improper commercial enterprise was rendered moot by the fact that the excavation had already been completed); *Strassburger v. Philadelphia Record Co.*, 6 A.2d 922, 923 (Pa. 1939) (holding that an appeal of a stockholder from the denial of his request to restrain the holding of a corporation's annual meeting as provided in its bylaws was rendered moot by the fact that the meeting was held at the time specified in the bylaws).

[8] Likewise, Inmate's claims seeking to compel Department Respondents to correct his institutional record by lifting the Nevada detainer are also dismissed as moot because, as he concedes, the detainer has already been lifted, *see* PFR ¶10, Exhibit C, and it did not prevent his subsequent release on parole.

5

assuming that we possess original jurisdiction to consider these claims,[9] we note that the Notary Public Law upon which he relies has been repealed and Department Hearing Examiners are empowered to administer oaths at misconduct hearings

[9] As this Court has previously explained:

>  It is well-established that [Department] decisions concerning misconduct charges are beyond the scope of this Court's appellate or original jurisdiction. *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998); *Brown v. Department of Corrections*, 913 A.2d 301, 305-06 (Pa. Cmwlth. 2006) (*per curiam*); *Edmunson v. Horn*, 694 A.2d 1179, 1181 (Pa. Cmwlth. 1997). As our Supreme Court explained in *Bronson*:
>
> > [I]nternal prison operations are more properly left to the legislative and executive branches, and [] prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference. . . . Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. . . .
> >
> > 721 A.2d at 358-59 (citations and quotation marks omitted); *see also Brown*, 913 A.2d at 305. Thus, to the extent Petitioner's amended complaint operates as an appeal of the misconduct hearing or an original jurisdiction challenge to the result of that hearing, such a claim is not cognizable in this Court.

*Curtis v. Canino* (Pa. Cmwlth., No. 160 M.D. 2015, filed March 6, 2017), slip op. at 4. *See also* Commonwealth Court Internal Operating Procedure §414(a), 210 Pa. Code §69.414(a) ("Parties may also cite an unreported panel decision of this Court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

pursuant to various sections of The Administrative Code of 1929 (Administrative Code).[10]  *See* Section 201(a), 71 P.S. §61(a) ("The executive and administrative work of this Commonwealth shall be performed by the Executive Department, . . . by the following administrative departments: . . . Department of Corrections[.]"); Section 206, 71 P.S. §66 ("Each administrative department shall have as its head an officer who shall, either personally . . . or by the duly authorized agent or employe of the department, . . . exercise the powers and perform the duties by law vested in and imposed upon the department."); Section 506, 71 P.S. §186 ("The heads of all administrative departments . . . are hereby empowered to prescribe rules and regulations . . . for the government of their respective departments, . . . the conduct of their employes and clerks, [and] the distribution and performance of their business[.]"); Section 517, 71 P.S. §197 ("The head of every administrative department . . . and such officers or employes of the several administrative departments, . . . as the heads of such departments . . . shall designate, shall have the power to administer oaths or affirmations anywhere in this Commonwealth, with regard to any matter or thing which may properly come before such department[.]").

Indeed, as this Court has explained:

> The premise underlying Petitioner's claim—that a [Department] hearing examiner must hold a notary commission in order to swear in witnesses—is baseless. Petitioner cites no statute, regulation or rule that would require that a [Department] hearing examiner be a notary. Furthermore, we are aware of no authority that would impose a notary requirement on [Department] hearing examiners or any hearing officer, referee, judge, magistrate, court officer or any other individual who may

---

[10] Act of April 9, 1929, P.L. 177, *as amended*, 71 P.S. §§51-732.

administer an oath or affirmation to a witness, whether during a court or administrative hearing. While Section 16(a) of the [former] Notary Public Law provide[d] that "[n]otaries shall have power to administer oaths and affirmations," 57 P.S. §162(a) [(repealed)], nothing in the [former] Notary Public Law state[d] that only notaries shall have that power. In fact, Section 517 of the [Administrative Code] provides heads of administrative departments, deputy heads of departments and members of boards or commissions with the power to administer oaths or affirmations or to designate any officer or employee of those agencies to administer an oath or affirmation. Accordingly, we sustain the demurrer to Petitioner's due process claim related to Respondent's alleged failure to maintain her commission as a notary.

*Curtis v. Canino* (Pa. Cmwlth., No. 160 M.D. 2015, filed March 6, 2017), slip op. at 7-8 (footnotes omitted).

Accordingly, based on the foregoing, we deny Inmate's application for summary relief; we sustain Board Respondents' and Department Respondents' POs; and we dismiss Inmate's PFR with prejudice.

_____
MICHAEL H. WOJCIK, Judge

Judge Brobson did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Andre Yanick Aina, : 
: 
          Petitioner : 
: 
         v. : No. 555 M.D. 2019
: 
Pennsylvania Board of Probation : 
and Parole, John J. Talaber, Board : 
Secretary, Pennsylvania Department : 
of Corrections, John E. Wetzel, : 
Secretary, Barry Smith, : 
SCI-Houtzdale Manager, Fuents : 
Nunez, Hearing Examiner, : 
Shaw Wiggins, Hearing Examiner, : 
Colleen Vingless, Inmate Records : 
Manager, : 
: 
         Respondents : 

# O R D E R

AND NOW, this 9th day of September, 2020, Petitioner Andre Yanick Aina's application for summary relief is DENIED. The preliminary objections of Respondents Pennsylvania Board of Probation and Parole; John J. Talaber, Board Secretary; Pennsylvania Department of Corrections; John E. Wetzel, Secretary; Barry Smith, SCI-Houtzdale Manager; Fuents Nunez, Hearing Examiner; Shaw Wiggins, Hearing Examiner; and Colleen Vingless, Inmate Records Manager, are SUSTAINED. Petitioner Andre Yanick Aina's petition for review is DISMISSED with prejudice.

_____
MICHAEL H. WOJCIK, Judge