# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Antoine Walker, | : |
| Appellant | : |
| | : No. 475 C.D. 2024 |
| v. | : |
| | : Submitted: July 11, 2025 |
| SCI-Greene Psychology Department, | : |
| Staff/Supervisors | : |


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge


OPINION BY
JUDGE DUMAS                                    FILED:  December 24, 2025


Antoine Walker (Appellant) has appealed from the order entered by the Court of Common Pleas of Greene County (trial court) on April 10, 2024, which dismissed Appellant's petition for a writ of mandamus as frivolous pursuant to Section 6602(e)(2) of the Prison Litigation Reform Act (PLRA),[1] 42 Pa.C.S. § 6602(e)(2).  This matter has returned to us following a remand to the trial court, which considered and confirmed Appellant's compliance with Pennsylvania Rule of

---

[1] 42 Pa.C.S. §§ 6601-6608.  The PLRA sets forth guidelines for prison conditions litigation to "promote administrative redress, to filter out groundless claims, and to foster better prepared litigation of prisoner claims."  *Payne v. Cmwlth. Dep't of Corr.*, 871 A.2d 795, 800 (Pa. 2005). "Prison conditions litigation" is defined as:

> A civil proceeding arising in whole or in part under Federal or State law with respect to the conditions of confinement or the effects of actions by a government party on the life of an individual confined in prison. The term includes an appeal. The term does not include criminal proceedings or *habeas corpus* proceedings challenging the fact or duration of confinement in prison.

42 Pa.C.S. § 6601.

Appellate Procedure 1925(b). Upon review, we credit the trial court's observation that Appellant has not pleaded a claim subject to judicial review and, therefore, conclude that the trial court properly dismissed Appellant's complaint.

## I. BACKGROUND[2]

Appellant was an inmate in the custody of the Pennsylvania Department of Corrections (DOC). He was incarcerated at the State Correctional Institution at Greene (SCI-Greene).[3]

In March and April 2023, Appellant filed requests with prison staff that mental health service providers refrain from disclosing his private and confidential mental health records in the presence of corrections officers. Later, in October and November 2023, Appellant filed several requests to review his mental health records to ensure their accuracy. His requests were unsuccessful. For example, prison staff informed Appellant that he was "not able to review mental health records" but could "speak with psychology" about them. Pet. for Writ of Mandamus, Ex. B (Resp. to Inmate Req., 11/3/23). Dissatisfied with the responses to these requests, in

---

[2] Unless stated otherwise, we derive this background from Appellant's petition and its attached exhibits. *See* Pet. for Writ of Mandamus, 3/25/24.

[3] At some point after commencing this litigation, Appellant was transferred to SCI-Pine Grove. *See* Appellant's Letter to Greene Cnty. Prothonotary, 9/27/24. Presently, it appears that Appellant is no longer incarcerated, was paroled, and currently resides at 6266 Heverly Blvd, Coalport, PA 16627. *See* Appellant's Letter to Cmwlth. Ct. Off. of Prothonotary, 7/7/25; *see also* Inmate & Parolee Locator, https://www.pa.gov/agencies/cor/inmate-parolee-locator (last visited Dec. 23, 2025). Further, we take judicial notice that Appellant's current address is a transitional housing center for parolees. *See* Tomorrows Hope, https://tomorrowshopepa.com (last visited Dec. 23, 2025). Because the Department oversees this facility through its Bureau of Community Corrections (BCC), and it is unclear which Department policies and procedures continue to impact Appellant's request for access to his mental health records, we decline to find this appeal moot. *See* BCC Locations, https://www.pa.gov/agencies/cor/offices-and-bureaus/bureau-of-community-corrections/locations (last visited Dec. 23, 2025).

November 2023, Appellant filed a grievance against the supervisory staff of the SCI-Greene Psychology Department, asserting his right to review these records.

The facility grievance coordinator denied Appellant's grievance, concluding that these records were not subject to Appellant's review and suggesting that Appellant was "erroneously applying the medical review process to [mental health] records." Pet. for Writ of Mandamus, Ex. D (Initial Rev. Resp., 11/28/23) (referencing DOC policies, procedures, and best practices). Appellant appealed to the facility manager, which upheld the denial, and Appellant's subsequent appeal to DOC was similarly denied.

Appellant then petitioned the trial court for mandamus relief, asserting that the supervisors and staff of the SCI-Greene Psychology Department (Psych Dept) had violated his statutory rights to review his mental health records and asking that the trial court direct the Psych Dept to grant Appellant access to "his mental health records so that he may add any written reactions he may have qualifying or rebutting any info in his records that he deems misleading or erroneous . . . ." Pet. for Writ of Mandamus, Wherefore clause.[4] In support of his petition, Appellant cited regulations adopted to administer the Mental Health Procedures Act. Act of July 9, 1976, P.L. 814, *as amended*, 50 P.S. §§ 7101-7503 ("Mental Health Act").[5]

---

[4] Appellant also requested declaratory relief (baldly asserting a violation of his rights under the United States Constitution, Pennsylvania statutes and regulations), $25,000 in damages and reimbursement of all fees, a "bench trial on all issues triable by a jury," and any other proper relief. *Id.*

[5] Principally, Appellant relied upon 55 Pa. Code §§ 5100.31(a), (f), 5100.33(b), (f). *See* Pet. for Writ of Mandamus at 3-5. Section 5100.31 provides in relevant part:

> (a) This chapter applies to records of persons seeking, receiving or having received mental health services from any facility as defined in section 103 of the act (50 P.S. § 7103).
>
> . . . .

Upon review, the trial court observed that Appellant's petition challenged conditions of his confinement and policies applicable to his mental health records. Trial Ct. Order, 4/10/24, at 2-3 (citing 42 Pa.C.S. § 6601). Reasoning that DOC policies and procedures are implemented without court involvement, that Appellant had utilized the administrative remedies available to him, and that this Court has offered guidance previously in regard to inmate mental health records, the trial court dismissed Appellant's petition. *Id.* at 3-5 (citing *DuBoise v. Rumcik*, 277 A.3d 1221 (Pa. Cmwlth. 2022)).

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. *See* Trial Ct. Order, 4/28/25 (accepting Appellant's statement). In response, the trial court has directed our attention to its prior order dismissing Appellant's petition for mandamus relief.[6] *See* Trial Ct. Statement, 4/28/25; Trial Ct. Statement, 5/23/24.

---

> (f) Records of a person receiving mental health services are the property of the hospital or facility in which the person is or has received services. The person who is or was receiving services shall exercise control over the release of information contained in his record except as limited by § 5100.32 (relating to nonconsensual release of information), and be provided with access to the records except to the limitations under § 5100.33 (relating to patient's access to records and control over release of records).

55 Pa. Code § 5100.31. Section 5100.33 provides in relevant part:

> (b) The term "access" when used in this section refers to physical examination of the record, but does not include nor imply physical possession of the records themselves or a copy thereof except as provided in this chapter.
> . . . .
> (f) If a person wishes to enter a written reaction qualifying or rebutting information in their records which they believe to be erroneous or misleading, they shall have the right to prepare such statement for inclusion as part of their record. The patient's written reaction shall accompany all released records.

55 Pa. Code § 5100.33.

[6] For further background related to Appellant's compliance with Rule 1925, please see this Court's prior opinion. *See* Mem. Op. & Order, 4/10/25.

4

## II. ISSUES

Appellant does not challenge the trial court's observation that "the policies and procedures of the DOC are implemented for specific reasons and without [c]ourt involvement." Trial Ct. Order, 4/10/24, at 4; *see generally* Appellant's Br. Instead, Appellant has made several assertions, essentially proposing that he has adequately pleaded a claim in mandamus.[7] *See* Appellant's Br. at 5.

## III. DISCUSSION[8]

Initially, we address the trial court's reticence to review Appellant's specific grievance or to more generally consider and weigh rights set forth in the Mental Health Act against internal prison policies and procedures. It is well settled that a prisoner's right of access to judicial review when dissatisfied with internal prison operations is limited. *Gentilquore v. Pa. Dep't of Corr.*, 326 A.3d 512, 516 (Pa. Cmwlth. 2024) (*en banc*) (citing *Bronson v. Cent. Off. Rev. Comm'n*, 721 A.2d 357, 358-59 (Pa. 1998), in which the Supreme Court recognized that the Commonwealth Court generally lacks either original or appellate jurisdiction over prison grievances and misconduct appeals).

---

[7] More specifically, Appellant asserts: (1) the trial court misinterpreted his complaint; (2) he has a clearly established right to review his records; (3) the Psych Dept has a corresponding duty to provide access to his records; (4) Appellant has stated a claim; and (5) the trial court erred in dismissing his claim. Appellant's Br. at 5.

[8] Generally, we review the trial court's decision to dismiss a complaint as frivolous to determine whether constitutional rights have been violated, the trial court abused its discretion, or the trial court committed an error of law. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.4 (Pa. Cmwlth. 2007). "A decision that a plaintiff has failed to state a cause of action in mandamus, however, is subject to plenary review, inasmuch as the lower court has decided that the complaint, as a matter of law, does not make out a claim for relief." *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001).

5

To invoke this Court's original jurisdiction, a prisoner litigant must identify a constitutionally protected liberty or property interest. *Williams v. Wetzel*, 232 A.3d 652, 653-54 (Pa. 2020). "The interest must not be limited by Department regulations yet be affected by a final Department decision." *Gentilquore*, 326 A.3d at 516 (citing *Bronson*, 721 A.2d at 359, and *Feliciano v. Pa. Dep't of Corr.*, 250 A.3d 1269, 1275 (Pa. Cmwlth. 2021) (*en banc*)). Absent a qualifying interest, properly identified and pleaded by the prisoner litigant, this Court lacks jurisdiction to review a claim arising from an internal prison grievance or misconduct. *Williams*, 232 A.3d at 653 (reversing this Court's exercise of jurisdiction over a due process claim challenging an inmate's dismissal from prison employment); *see also, e.g.*, *Bronson*, 721 A.2d at 359-60 (holding that this Court lacked original jurisdiction to consider the confiscation of an inmate's civilian clothing); *Vega v. Wetzel* (Pa. Cmwlth., No. 39 M.D. 2022, filed Nov. 20, 2025), 2025 WL 3240941 (discerning no constitutionally protected interest in a prisoner's request for a copy of his medical records and, therefore, dismissing for lack of jurisdiction).[9]

Importantly, "the limitations placed upon the judiciary to rule on issues of internal prison operations as set forth in *Bronson* apply to our common pleas courts as well." *Brown v. Dep't of Corr.*, 913 A.2d 301, 305 (Pa. Cmwlth. 2006); *see also Robinson v. MacIntyre* (Pa. Cmwlth., No. 487 C.D. 2011, filed Oct. 3, 2011), 2011 WL 10843476 ("[U]nder the PLRA, a trial court's jurisdiction does not extend to matters related to inmate grievance or disciplinary hearings and appeals."). These limitations are reasonable because "prison officials must be allowed to exercise their

---

[9] We may cite unreported memorandum opinions of this Court for their persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

6

judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference." *Bronson*, 721 A.2d at 358.

In *Brown*, for example, a state inmate received a misconduct for refusing to remove all obstructions from the windows on his cell door. 913 A.2d at 302. Following an unsuccessful appeal of his disciplinary proceedings, the inmate sought mandamus and other forms of relief in the court of common pleas. *Id.* at 303-04. The trial court granted a motion to dismiss the complaint because the inmate had previously accumulated more than "three strikes" under Section 6602(f) of the PLRA, 42 Pa.C.S. § 6602(f), and because he was not in imminent danger of serious bodily injury.[10] Agreeing with the trial court that the inmate had exceeded his three strikes, we discerned no abuse of the trial court's discretion. *Id.* at 305.

---

[10] Section 6602(f) provides:

> (f) Abusive litigation.--If the prisoner has previously filed prison conditions litigation and:
>> (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
>> (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial; the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f). Section 6602(e)(2) provides in relevant part:

> (e) Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>> . . . .
>> (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled

7

Nevertheless, we further considered the inmate's contention that the trial court had erred in finding his petition frivolous. *Id.* Rather than conducting a substantive analysis to evaluate whether the inmate had pleaded a mandamus claim, we recognized that the trial court lacked jurisdiction over the claim and affirmed. *Id.* at 305-06 (citing *Bronson* and *Edmundson v. Horn*, 694 A.2d 1179 (Pa. Cmwlth. 1997)).

Similarly, in *Robinson*, a prisoner initiated a mandamus claim in the court of common pleas following his unsuccessful misconduct appeals. 2011 WL 10843476, at *1. Prior to service, the common pleas court dismissed the claim for lack of jurisdiction. *Id.* On appeal, this Court promptly affirmed. *Id.* Although we recognized that a writ of mandamus is an appropriate means of relief in prisoner litigation, we nonetheless reiterated that "[w]here no violation of constitutional rights is alleged, intra-prison disciplinary determinations are matters of prison administration and are peculiarly within the province of the legislative and executive branches, not the judiciary." *Id.* (citing *Bronson* and *Robinson v. Biester*, 420 A.2d 9 (Pa. Cmwlth. 1980)).[11]

Viewed properly in this framework, we agree with the trial court's observation that Appellant has not filed a claim subject to the trial court's review. *See* Trial Ct. Order, 4/10/24, at 4 (noting that DOC's policies and procedures are implemented "without court involvement"). After prison staff denied Appellant's multiple requests for access to his mental health records, Appellant filed a grievance

---

to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.

42 Pa.C.S. § 6602(e)(2).

[11] In a companion case, we reached the identical conclusion. *See Robinson v. Off. of Chief Hr'g Exam'r, DOC* (Pa. Cmwlth., No. 505 C.D. 2011, filed Oct. 3, 2011), 2011 WL 10843485 (holding that the common pleas court lacked jurisdiction over DOC's internal proceedings).

8

against Psych Dept staff, but this formal request for relief was also unsuccessful. Then, having exhausted his administrative remedies, Appellant sought mandamus relief in the trial court.

Appellant has pleaded a statutory right of access to his mental health records. *See* Pet. for Writ of Mandamus, ¶¶ 15-17. In his brief to this Court, addressing the merits of his claim, Appellant maintains that he has set forth a clear right of access to his mental health records. *See* Appellant's Br. at 7-9 (reiterating his reliance upon regulations adopted to administer the Mental Health Act). However, Appellant has not pleaded, nor is there any reason to infer, that this statutory right has constitutional significance. *See generally* Appellant's Br.; *see also, e.g.*, *Vega*, 2025 WL 3240941, at *3-4, slip op. at 6-7 (rejecting a constitutionally protected property interest in a petitioner's medical records). Further, Appellant's assertion that his purported right of access is unaffected by DOC policy, *see* Appellant's Br. at 8, is belied by the exhibits attached to his petition, which clearly reference policies and procedures that limit Appellant's right of access. *See* Appellant's Br. at 8; *see, e.g.*, Pet. for Writ of Mandamus, Ex. B (Resp. to Inmate Req, 11/3/23), Ex. D (Initial Rev. Resp., 11/28/23).

As recognized by the trial court, this Court's decision in *DuBoise* is also instructive. *See* Trial Ct. Order, 4/10/24, at 4-5. In that case, a prisoner litigant asserted a statutory right to obtain his mental health records under the Medical Records Act, 42 Pa.C.S. §§ 6151-6160, and claimed that a DOC policy limiting this right violated his right to equal protection. *DuBoise*, 277 A.3d at 1226. In rejecting the claim, we analyzed Section 3.B.7.d of the DC-ADM 003, Release of Information Procedures Manual (Manual), and determined that its limitation on inmates' access to their mental health records was reasonably related to legitimate penological

interests. *Id.* at 1232. While Appellant here attempts to distinguish *DuBoise*, correctly pointing out that the *DuBoise* plaintiff sought a physical copy of his mental health records, whereas Appellant merely seeks access to review his records, *see* Appellant's Br. at 12-13, the salient point is that Section 3.B.7.d.(1) of the DC-ADM 003 only permits an inmate "to discuss his/her general mental health treatment with members of the health care treatment staff." *Id.* at 1227 (quoting the Manual; emphasis removed). Thus, any statutory right identified by Appellant has been limited by DOC policy.[12]

### IV. CONCLUSION

Appellant has not identified a constitutionally protected interest in his mental health records. Further, while Appellant has identified a statutory right of access to his mental health records, this right has been clearly limited by DOC policy. As noted, mandamus is a suitable method for securing relief under the PLRA, but a prisoner's access to the writ does not relieve the prisoner litigant of his burden to overcome the jurisdictional limitations recognized in *Williams*, *Bronson*, *Gentilquore*, and *Brown*. Appellant has failed to do so here.

For these reasons, we affirm.

_____
**LORI A. DUMAS, Judge**

---

[12] In light of our disposition, we need not evaluate Appellant's pleadings as we would if considering a demurrer. Nevertheless, we note that "[t]he writ of mandamus exists to compel official performance of a ministerial act or mandatory duty." *Brown v. Levy*, 73 A.3d 514, 516 n.2 (Pa. 2013). It is an extraordinary remedy, available only if a petitioner can demonstrate (1) a clear legal right, (2) a corresponding duty in the respondent, and (3) the absence of another adequate remedy. *Bailey v. Wakefield*, 933 A.2d 1081, 1083 n.3 (Pa. Cmwlth. 2007). Here, Appellant has pleaded a statutory right of access to his mental health records. However, DOC policy clearly limits any corresponding duty in the Psych Dept, and Appellant had access to (and took advantage of) the prison grievance system, which is generally considered an adequate remedy to address inmate concerns. *See generally Shore v. Pa. Dep't of Corr.*, 168 A.3d 374 (Pa. Cmwlth. 2017).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine Walker,  :
           Appellant  :
                                 :   No. 475 C.D. 2024
           v.  :
                                 :
SCI-Greene Psychology Department,  :
Staff/Supervisors  :

# **O R D E R**

AND NOW, this 24th day of December, 2025, the order entered by the Court of Common Pleas of Greene County on April 10, 2024, is AFFIRMED.

_____
**LORI A. DUMAS, Judge**