# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Curtis, :
:
Petitioner :
:
v. : No. 160 M.D. 2015
: Submitted: October 14, 2016
Mary Canino :
Hearing Examiner, :
:
Respondent :

BEFORE: HONORABLE RENÉE COHN JUBELIRER, Judge
HONORABLE PATRICIA A. McCULLOUGH, Judge
HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE COLINS                    FILED:  March 6, 2017

This case in our original jurisdiction arises out of a *pro se* petition for review, in the form of an amended complaint, filed by William Curtis (Petitioner) naming as respondent Mary Canino (Respondent), a hearing examiner for the Department of Corrections (DOC). In his amended complaint, Petitioner, an inmate who currently and at all relevant times of this litigation has been incarcerated at the State Correctional Institution (SCI) Graterford, alleges violations of his due process rights and rights under DOC rules and regulations during a misconduct hearing that took place at SCI Graterford on April 3, 2007. Presently before this Court are the preliminary objections in the nature of demurrer

filed by Respondent. As described herein, we sustain Respondent's preliminary objections in part and overrule the preliminary objections in part.

Petitioner initially filed a complaint in the Court of Common Pleas of Montgomery County on April 30, 2009. Respondent filed preliminary objections to the initial complaint on August 3, 2011, and Petitioner filed an amended complaint on August 23, 2011. Respondent then filed preliminary objections on December 12, 2011. Upon motion by Respondent, the Court of Common Pleas ordered that this matter be transferred to this Court by an April 9, 2013 order. In spite of this order, litigation continued in the Court of Common Pleas until January 22, 2015 when the Court of Common Pleas finally transmitted the certified record to this Court.

The following facts are taken from the amended complaint. On March 30, 2007, Petitioner submitted two witness request forms pursuant to DOC policy DC-ADM 801 for a misconduct hearing to be held on April 3, 2007 before Respondent as hearing examiner, but Respondent denied the requests. (Amended Complaint ¶¶6, 10.) Respondent placed Petitioner under oath for his testimony at the April 3, 2007 misconduct hearing despite the fact that Respondent's commission as a notary public in Pennsylvania had expired in 1998, nine years prior to the hearing. (*Id*. ¶¶10, 12, 13, Exhibit 1.) Petitioner was found guilty of the misconduct charges and given the sanction of 545 days of solitary confinement. (*Id*. ¶11.)

Petitioner alleges that Respondent's actions violate DOC policy DC-ADM 801, Respondent's procedural rights under a DOC regulation, 37 Pa. Code § 93.10, relating to inmate discipline, DOC's Code of Ethics, the Notary Public

Law,[1] the Due Process Clause of the 14th Amendment to the United States Constitution, and the Crimes Code. (Amended Complaint ¶¶8, 9, 12-20 & Relief Sought.) Petitioner seeks a declaration that witnesses at a misconduct hearing are required to testify under oath and that Respondent lacked a valid notary commission. (*Id.*, Relief Sought(a), (d).) Petitioner further asserts that the act of Respondent swearing him in for testimony without a valid commission violated his due process rights and that the denial of the testimony of his witnesses without any threat to institutional safety or correctional goals violated his due process rights. (*Id.*, Relief Sought(b), (c).) In addition, Petitioner seeks damages pursuant to Section 8303 of the Judicial Code, 42 Pa. C.S. § 8303. (Amended Complaint, Relief Sought(e).)

In her preliminary objections to the amended complaint,[2] Respondent argues that, to the extent Petitioner seeks a declaration that the misconduct hearing was invalid, such an order is not a final adjudication that is subject to this Court's judicial review. Respondent asserts that to the extent Petitioner seeks review of the disciplinary proceeding under the guise of an original jurisdiction action, this Court

---

[1] Act of August 21, 1953, P.L. 1323, *as amended*, 57 P.S. §§ 147-169. In 2013, the General Assembly passed legislation to adopt the Revised Uniform Law on Notarial Acts, 57 Pa. C.S. §§ 301-331, that will replace the Notary Public Law 180 days after the Department of State publishes notice of approval of basic and continuing education courses under Section 322 of Revised Uniform Law on Notarial Acts, 57 Pa. C.S. § 322. *See* Act of October 9, 2013, P.L. 609, §§ 4, 5. The Department of State has not yet published this notice, and therefore the Notary Public Law remains the operative law.

[2] In ruling on a preliminary objection in the nature of a demurrer, this Court must accept as true all well-pled allegations of material fact, as well as all of the inferences reasonably deducible from those facts. *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013). We are not, however, required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations or expressions of opinion. *Id.* A demurrer is properly sustained where, based on the facts averred, the law says with certainty that no recovery is possible. *Edmunson v. Horn*, 694 A.2d 1179, 1180 n.2 (Pa. Cmwlth. 1997).

lacks subject matter over such claims. Respondent objects to Petitioner's purported due process claims, arguing that DOC regulations do not provide him with a protected liberty interest subject to a claim. Respondent further argues that neither a purported lack of a notary commission by a hearing examiner or the alleged denial of permission to call an inmate's witnesses can serve as the basis for a claim of a violation of due process at an inmate disciplinary proceeding.

It is well-established that DOC decisions concerning misconduct charges are beyond the scope of this Court's appellate or original jurisdiction. *Bronson v. Central Office Review Committee,* 721 A.2d 357, 358-59 (Pa. 1998); *Brown v. Department of Corrections*, 913 A.2d 301, 305-06 (Pa. Cmwlth. 2006) (*per curiam*); *Edmunson v. Horn,* 694 A.2d 1179, 1181 (Pa. Cmwlth. 1997). As our Supreme Court explained in *Bronson*:

> [I]nternal prison operations are more properly left to the legislative and executive branches, and [] prison officials must be allowed to exercise their judgment in the execution of policies necessary to preserve order and maintain security free from judicial interference. ... Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding...

721 A.2d at 358-59 (citations and quotation marks omitted); *see also Brown*, 913 A.2d at 305. Thus, to the extent Petitioner's amended complaint operates as an appeal of the misconduct hearing or an original jurisdiction challenge to the result of that hearing, such a claim is not cognizable in this Court.

4

We next address the allegations in the amended complaint that Respondent violated Petitioner's due process rights by the way she conducted the misconduct hearing. Petitioner sets forth three grounds for the claim that his due process rights were violated in the amended complaint. First, Petitioner alleges that the Department violated his due process rights because the April 3, 2007 hearing was contrary to the provisions set forth in DC-ADM 801 and DOC regulation 37 Pa. Code § 93.10, which empowered DOC to adopt the written procedures for inmate disciplinary proceedings set forth in DC-ADM 801. However, as this Court has held, DOC regulations and guidelines, even when written in mandatory language, do not create a liberty interest that can serve as a basis of a due process claim. *Luckett v. Blaine*, 850 A.2d 811, 820 (Pa. Cmwlth. 2004). Therefore, any lack of adherence to DC-ADM 801 or 37 Pa. Code § 93.10 cannot form the basis of a due process claim.

Petitioner also claims that Respondent violated his due process rights by denying his request to call two witnesses without any valid reason. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the United States Supreme Court explained that while the procedural due process rights of an inmate in prison disciplinary proceedings are limited, the inmate does retain certain protections. *Id*. at 561-72; *see also Melton v. Beard*, 981 A.2d 361, 364 (Pa. Cmwlth. 2009). Among these due process protections afforded to the inmate is the right to call witnesses and present documentary evidence in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 566; *Jerry v. Department of Corrections,* 990 A.2d 112, 115 n.4 (Pa. Cmwlth. 2010); *Melton*, 981 A.2d at 364. The Court explained in *Wolff* that the inmate does not have an unrestricted right to call witnesses and that any analysis

5

into whether due process was given to the inmate requires the reviewing court to balance the rights of the inmate with the flexibility and discretion that is required for prison officials to administer prison affairs "without being subject to unduly crippling constitutional impediments." 418 U.S. at 566-67.

Petitioner alleges that he submitted the requests four days prior to the April 3, 2007 hearing, that each of these witnesses would have given exculpatory testimony and that the witnesses were confined on the upper section of the housing unit directly adjacent to where the hearing was held. (Amended Complaint ¶¶6-7.) In the amended complaint, Petitioner identifies one of the two witnesses by name and alleges that this individual was his cellmate at the time that the incident that was the subject of the misconduct hearing occurred and would have corroborated Petitioner's version of the incident. (*Id*. ¶9.) The amended complaint does not contain any allegations concerning whether Respondent based the denials on reasons related to institutional safety or correctional goals or whether Respondent announced any reason for denying Petitioner's witness requests. In the absence of this information, we conclude that Petitioner has stated a claim that Respondent violated his due process rights by denying his requests to call two witnesses at the misconduct hearing. *Cf. Melton*, 981 A.2d at 365 & n.4 (dismissing inmates' facial due process challenge to the policy in DC-ADM 801 that allows a hearing examiner to limit the evidence presented by inmates while noting that "an abuse of the hearing examiner's discretion [to grant or deny requests for witnesses] as applied in a given situation could amount to a due process violation"). While we recognize that DOC was entitled to broad discretion in prison administration matters, in the absence of any indication that Respondent based the decision to

6

deny the witnesses for reasons related to institutional security and correctional goals we are constrained to overrule Respondent's demurrer to this claim.

The same fate, however, does not hold for Petitioner's remaining claim of a violation of his due process rights based on the fact that Respondent had at one time been a notary but was not a notary at the time of the April 3, 2007 hearing. Petitioner alleged that Respondent held a commission as a notary public in Pennsylvania from March 1994 through March 1998, but that commission expired more than nine years prior to the April 3, 2007 hearing. (Amended Complaint ¶13, Exhibit 1.) Petitioner alleges that the fact that Respondent swore in Petitioner to testify at the misconduct hearing despite the fact that she had allowed her commission to lapse and had ceased taking continuing notary education courses, was an act of bad faith and dishonesty contrary to DOC's Code of Ethics and violated Petitioner's right to fundamental fairness during the misconduct hearing. (*Id.* ¶¶14, 16, 19, 20.) Petitioner further alleges that Respondent acting as a hearing examiner without holding a valid commission was a criminal act, contrary to Section 4913 of the Crimes Code, 18 Pa. C.S. § 4913, which prohibits the impersonation of a notary public. (Amended Complaint ¶20.)

The premise underlying Petitioner's claim – that a DOC hearing examiner must hold a notary commission in order to swear in witnesses – is baseless. Petitioner cites no statute, regulation or rule that would require that a DOC hearing examiner be a notary. Furthermore, we are aware of no authority that would impose a notary requirement on DOC hearing examiners or any hearing officer, referee, judge, magistrate, court officer or any other individual who may administer an oath or affirmation to a witness, whether during a court or administrative hearing. While Section 16(a) of the Notary Public Law provides

7

that "[n]otaries shall have power to administer oaths and affirmations," 57 P.S. § 162(a), nothing in the Notary Public Law states that only notaries shall have that power.[3]  In fact, Section 517 of the Administrative Code of 1929 provides heads of administrative departments, deputy heads of departments and members of boards or commissions with the power to administer oaths or affirmations or to designate any officer or employee of those agencies to administer an oath or affirmation.[4] Accordingly, we sustain the demurrer to Petitioner's due process claim related to Respondent's alleged failure to maintain her commission as a notary.

In addition to Petitioner's claims seeking a declaration that his due process rights were violated, he also requests an award of damages pursuant to Section 8303 of the Judicial Code, which provides that a successful plaintiff in a mandamus action is entitled to damages when the defendant failed to perform a duty required by law.[5]  42 Pa. C.S. § 8303; *Maurice A. Nernberg & Associates v. Coyne*, 920 A.2d 967, 970 (Pa. Cmwlth. 2007).  While Petitioner entitled the amended complaint "Amended Mandamus and Declaratory Judgment," he does not in any way seek to compel the performance of a mandatory duty or a ministerial act, which is an essential aspect of a mandamus claim.[6]  *Kretchmar v.*

---

[3] The Revised Uniform Law of Notarial Acts, which the General Assembly has enacted but which has not yet gone into effect, *see* Footnote 1 above, similarly provides that a notary is authorized to administer oaths or affirmations under the laws of the Commonwealth, 57 Pa. C.S. § 302, but does not restrict this authority to notaries.

[4] Act of April 9, 1929, P.L. 177, § 517, *as amended*, 71 P.S. § 197.

[5] Section 8303 provides that "[a] person who is adjudged in an action in the nature of mandamus to have failed or refused without lawful justification to perform a duty required by law shall be liable in damages to the person aggrieved by such failure or refusal."  42 Pa. C.S. § 8303.

[6] Petitioner alleges that Respondent failed to perform a duty required by law by not keeping her notary commission through the date of the misconduct hearing (Amended Complaint ¶14), but the amended complaint does not seek to compel Respondent to perform a mandatory duty or ministerial act.

*Commonwealth*, 831 A.2d 793, 797 (Pa. Cmwlth. 2003); *Saunders v. Department of Corrections*, 749 A.2d 553, 556 (Pa. Cmwlth. 2000). Thus, Petitioner's action does not sound in mandamus and he would not be entitled to damages under Section 8303.

Accordingly, we overrule Respondent's preliminary objections to the extent they seek the dismissal of the due process claim based upon Respondent's denial of Petitioner's request to call witnesses at the April 3, 2007 misconduct hearing and sustain Respondent's preliminary objections in all other respects.

_____
**JAMES GARDNER COLINS, Senior Judge**

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| William Curtis, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : No. 160 M.D. 2015 |
| | : |
| Mary Canino | : |
| Hearing Examiner, | : |
| | : |
| Respondent | : |

# **O R D E R**

AND NOW, this 6th day of March, 2017, the preliminary objections filed by Respondent Mary Canino, Hearing Examiner are OVERRULED to the extent that they seek dismissal of Petitioner William Curtis's claim that his due process rights were violated because Respondent denied his request to call two witnesses at an April 3, 2007 misconduct hearing and SUSTAINED in all other respects.

Within thirty (30) days of this Order, Respondent shall file an answer responding to the remaining paragraphs and claims of the amended complaint that have not been dismissed by this Order.

_____
**JAMES GARDNER COLINS, Senior Judge**