Warnell Boyd,              :
                                :
           Petitioner   :
                                :
        v.               :  No. 1220 C.D. 2020
                                :  Submitted:  May 14, 2021
Pennsylvania Parole Board,   :
                                :
          Respondent :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                          FILED:  August 20, 2021

Warnell Boyd (Parolee) petitions for review of the Pennsylvania Parole Board (Board) order denying his Requests for Administrative Review challenging the Board's September 19, 2019 decision, which rescinded the automatic reparole that the Board had granted in its June 19, 2019 decision that recommitted Parolee as a technical parole violator (TPV).  Also, before us is an Application to Withdraw as Counsel (Application) filed by Parolee's court-appointed attorney, Kent D. Watkins, Esquire (Attorney Watkins), on the ground that Parolee's appeal is without merit. We grant Attorney Watkins' Application and affirm the Board's order.

Parolee is serving an aggregate 17-year, 6-month to 40-year sentence based upon his convictions for robbery, criminal attempt (homicide), and aggravated assault.  Certified Record (C.R.) at 1-2.  With an effective date of June 7, 1993,

Parolee's minimum sentence expired on December 7, 2010. *Id.* On January 2, 2019, Parolee was released on parole. *Id.* at 7.

On May 22, 2019, the Board issued a Warrant to Commit and Detain Parolee. C.R. at 33. On May 29, 2019, the Board issued a Notice of Charges and Hearing. *Id.* at 34. The Board alleged that Parolee violated Parole Condition #3A requiring that he maintain regular contact with the parole supervision staff by reporting regularly as instructed, and that he failed to report to the Pittsburgh District Office as instructed upon his discharge from the Gateway Erie PV CCC. *Id.* That same day, Parolee executed a Waiver of Violation hearing and Counsel/Admission Form in which he "knowingly, voluntarily, and willingly admit[ted] to the violation[.]" *Id.* at 36.

As a result, the Board issued its June 19, 2019 decision recommitting Parolee as a TPV to serve six months' backtime pursuant to Section 6138(d)(3)(i) of the Prisons and Parole Code (Code),[1] and stating that he would be automatically reparoled on November 22, 2019. C.R. at 57. However, the decision also stated, in relevant part, that pursuant to Code Section 6138(d)(5)(i), he would be "reparoled automatically without further action of the Board . . . provided [that he did] not . . .

---

[1] 61 Pa. C.S. §6138(d)(3)(i). Code Section 6138(d)(3)(i) states, in relevant part:

> (3) Except as set forth in paragraph . . . (5), the parolee shall be recommitted for one of the following periods, at which time the parolee shall automatically be reparoled without further action by the [B]oard:
>
> (i) For the first recommitment under this subsection, a maximum period of six months.

In turn, Code Section 6138(d)(5)(i) states, in pertinent part, that "[t]he time limit under paragraph (3) ***shall*** not be applicable to a parolee who . . . [c]ommitted a disciplinary infraction involving . . . a weapon or controlled substances." 61 Pa. C.S. §6138(d)(5)(i) (emphasis added).

2

commit a disciplinary infraction involving . . . a weapon or controlled substance[.]"
*Id.*

On August 26, 2019, the Board issued an Automatic Reparole Rescission Report indicating that Parolee committed a disciplinary infraction involving the possession or use of a controlled substance. C.R. at 60-63. The Board summarized the documentary evidence relied upon as follows:

> Misconduct report from [the Department of Corrections (DOC)] reflects that [Parolee] violated rule #22 – Possession or Use of a Dangerous or Controlled Substance and rule #50 – Smoking Where Prohibited. The misconducts occurred on 07/16/2019 when staff responded to a medical emergency in his cell and found him in possession of K2.[2] He denied the misconducts at his 07/19/2019 disciplinary hearing claiming he was smoking but not K2, but DOC found him guilty of both misconducts and imposed 45 days in disciplinary custody. This was his third DOC drug-related misconduct.

*Id.* at 61.

As a result, the Board decided to rescind Parolee's right to automatic reparole, and to review for reparole on or after July 16, 2020, explaining:

> The Board recommitted [Parolee] to [a State Correctional Institution (SCI)] for his technical parole violation(s) by decision recorded 06/19/2019 with an automatic reparole date of 11/22/2019. While in the SCI, he committed a drug-related misconduct by smoking K2 in his cell requiring an emergency response from staff. Despite this, he denied the misconduct at his disciplinary hearing. DOC found him guilty of the drug misconduct based on evidence presented at the hearing. It was also noted that

---

[2] As the Superior Court has explained: "K2 is a synthetic cannabinoid. Synthetic cannabinoids are Schedule I controlled substances. [*See* Section 104(1)(vii) of The Controlled Substance, Drug, Device and Cosmetic Act, Act of April 14, 1972, P.L. 233, *as amended*,] 35 P.S. §780-104(1)(vii)." *In the Interest of: K.B.* (Pa. Super., Nos. 205 EDA 2019, 206 EDA 2019, filed July 30, 2019), slip op. at 2 n.3.

> this [wa]s his third drug-related misconduct with the DOC. Because he committed a disciplinary infraction involving a controlled substance, the Board is justified in denying him automatic reparole.

C.R. at 63. Based on the foregoing, the Board issued its September 19, 2019 decision rescinding the automatic reparole that the Board had granted in its June 19, 2019 recommitment decision, and directing that Parolee be reviewed for reparole on or after July 16, 2020. *Id.* at 64.

On October 17, 2019, October 18, 2019, and October 24, 2019, Parolee submitted Requests for Administrative Relief in which he outlined his version of the circumstances underlying the controlled substance misconduct, claiming that he was initially unaware that the cigarette that he was smoking contained K2; alleged that his life is in danger based on his actions in this regard to the extent that he was transferred to the Restricted Housing Unit; and asserted that he needs to go home because he has a baby on the way. He asked the Board for mercy and to reconsider the rescission of his automatic reparole. *See* C.R. at 65-73.

On November 6, 2020, the Board issued its order denying Parolee's Requests for Administrative Review, which states, in pertinent part:

> The [Code] provides that automatic reparole does not apply to [TPVs] who commit disciplinary infractions involving possession of controlled substances. 61 Pa. C.S. §6138(d)(5). Because you incurred a qualifying misconduct under the statute, the Board acted within its authority by rescinding automatic reparole in this case. Moreover, the Board acted within its discretion by taking this action without conducting an additional evidentiary hearing because you were already afforded due process to challenge the misconduct at issue in the hearing held in [SCI] Fayette. There is no reason for the Board to re-litigate those facts.

The Board regulations provide that the scope of review of an administrative appeal is limited to [determining] whether the decision is supported by substantial evidence, an error of law has been committed, or there has been a violation of constitutional law. 37 Pa. Code §73.1(a)(2). The record in this matter establishes that the Board decision delivered September 24, 2019 (recorded 09/19/2019), is supported by substantial evidence, does not constitute an error of law, and does not violate your constitutional rights.

Accordingly, the appeal panel **AFFIRMS** the Board decision delivered September 24, 2019 (recorded 09/19/2019).

C.R. at 75-76.

From this order, Parolee filed the instant counseled petition for review in which he claims that the Board's decision denying relief from the revocation of his automatic reparole constitutes an error of law, a violation of Parolee's constitutional rights, and is not supported by substantial evidence. Shortly thereafter, Attorney Watkins filed the Application along with a no-merit letter based on his belief that Parolee's appeal is without merit. This matter is now before us for disposition.

Counsel seeking to withdraw as appointed counsel must conduct a zealous review of the case and submit a no-merit letter to this Court detailing the nature and extent of counsel's diligent review of the case, listing the issues the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.[3] *Commonwealth v. Turner*, 544 A.2d 927,

---

[3] Where there is a constitutional right to counsel, court-appointed counsel seeking to withdraw must submit a brief in accord with *Anders v. California*, 386 U.S. 738 (1967), referred to as an *Anders* brief, that: (i) provides a summary of the procedural history and facts, with citations to the record; (ii) refers to anything in the record that counsel believes arguably supports the appeal; (iii) sets forth counsel's conclusion that the appeal is frivolous; and (iv) states counsel's reasons for concluding that the appeal is frivolous. *Commonwealth v. Santiago*, 978 A.2d 349,
**(Footnote continued on next page…)**

928 (Pa. 1988); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 24-26 (Pa. Cmwlth. 2009); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009). The no-merit letter must include "'substantial reasons for concluding that a petitioner's arguments are meritless.'" *Zerby*, 964 A.2d at 962 (quoting *Jefferson v. Pennsylvania Board of Probation and Parole*, 705 A.2d 513, 514 (Pa. Cmwlth. 1998)).

In addition, court-appointed counsel who seeks to withdraw representation must: (1) notify the petitioner of the request to withdraw; (2) furnish the petitioner with a copy of a brief or no-merit letter; and (3) advise the petitioner of his right to retain new counsel or raise any new points that he might deem worthy of consideration. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 22. If counsel satisfies these technical requirements, this Court must then conduct an independent review of the merits of the case. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 25. If this Court determines the petitioner's claims are without merit, counsel will be permitted to withdraw, and the petitioner will be denied relief. *Turner*, 544 A.2d at 928; *Hughes*, 977 A.2d at 27.

Upon review, Attorney Watkins' no-merit letter satisfies the technical requirements of *Turner*. Attorney Watkins states that he conducted an exhaustive examination of the Certified Record and research of the applicable case law. He set forth a procedural history of the case and the basis for the appeal. Attorney Watkins noted that the sole issue that may be raised in this appeal is the propriety of the Board's September 19, 2019 decision, which rescinded the automatic reparole that the Board had granted in its June 19, 2019 decision. Attorney Watkins provided a

---

361 (Pa. 2009); *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 25-26 (Pa. Cmwlth. 2009). Where, as here, the petitioner has only a statutory, rather than a constitutional, right to counsel, appointed counsel may submit a no-merit letter instead of an *Anders* brief. *Hughes*, 977 A.2d at 25-26.

thorough analysis as to why this issue lacks merit, complete with citations to the Certified Record and the relevant Code provisions.

Based on his review, Attorney Watkins concludes that Parolee's appeal to this Court is without merit, and he requests permission to withdraw as counsel. Attorney Watkins provided Parolee with a copy of the no-merit letter and his request to withdraw. He advised Parolee of his right to retain new counsel or proceed by representing himself.[4] As we are satisfied that Attorney Watkins has discharged his responsibility in complying with the technical requirements to withdraw from representation, we shall conduct an independent review to determine whether Parolee's petition for review lacks merit.[5]

As outlined above, in his Requests for Administrative Review, Parolee admits to smoking the cigarette containing K2 underlying the DOC controlled substance disciplinary infraction, which caused the Board to revoke his automatic reparole pursuant to Code Section 6138(d)(5)(i).[6] As stated above, Code Section 6138(d)(5)(i) states, in relevant part, that "[t]he [six-month] time limit under paragraph (3)[(i)] **shall** not be applicable to a parolee who . . . [c]ommitted a disciplinary infraction involving . . . a weapon or controlled substances." 61 Pa. C.S.

---

[4] Parolee did not retain new counsel or file a brief in support of his petition for review.

[5] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Miskovitch v. Pennsylvania Board of Probation and Parole*, 77 A.3d 66, 70 n.4 (Pa. Cmwlth. 2013).

[6] This admission is sufficient evidence to support the underlying DOC controlled substance disciplinary infraction. *See, e.g.*, *Melton v. Beard*, 981 A.2d 361, 365 (Pa. Cmwlth. 2009) ("[A]n inmate simply does not enjoy the same panoply of procedural rights afforded a criminal defendant. As noted above, the right of confrontation does not apply in a disciplinary hearing, so hearsay may be relied upon. In addition, disciplinary actions need only be supported by some evidence. *Superintendent v. Hill*, 472 U.S. 445, 454-55 [(1985)].").

7

§6138(d)(5)(i) (emphasis added). Thus, the Board was without authority to apply the six-month backtime and automatic reparole provisions of Code Section 6138(d)(3)(i) following Parolee's DOC controlled substance disciplinary infraction based upon the mandatory language of Code Section 6138(d)(5)(i).

Indeed, with respect to credit for the time spent on parole that the Board must award to a TPV under Code Section 6138(a)(2), this Court has explained:

> Under Pennsylvania law, the Board "can exercise only those powers conferred upon it by the General Assembly in clear and unmistakable language." . . . [Code S]ection 6138(c)(2) positively states that a TPV "**shall** be given credit for the time served on parole in good standing." 61 Pa. C.S. §6138(c)(2) (emphasis added). Through this directive of the General Assembly, the Board has no choice over the matter and must grant credit to the parolee who is recommitted as a TPV.

*Penjuke v. Pennsylvania Board of Probation and Parole*, 203 A.3d 401, 416 (Pa. Cmwlth. 2019), *appeal denied*, 228 A.3d 254 (Pa. 2020) (citations omitted). Likewise, in this case, the Board was without the authority to grant the administrative relief that Parolee requested because it was affirmatively prohibited from doing so by Code Section 6138(d)(5)(i).[7]

Accordingly, we grant Attorney Watkins' Application and affirm the Board's order.

_____
MICHAEL H. WOJCIK, Judge

_____

[7] Any issue regarding the constitutionality of the application of Code Section 6138(d)(5)(i) that Parolee could have raised on appeal has been waived by his failure to raise such a claim before the Board. *See, e.g.*, *Malarick v. Pennsylvania Board of Probation and Parole*, 25 A.3d 468, 469 (Pa. Cmwlth. 2011) ("This Court has specifically held that where an issue is 'not raised before the Board in either the revocation hearing or in [a parolee's] administrative appeal, the issue has been waived and cannot be considered for the first time in his judicial appeal.'") (citation omitted).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Warnell Boyd,                 :
                                  :
             Petitioner   :
                                    :
         v.                 :  No. 1220 C.D. 2020
                                    :
Pennsylvania Parole Board,  :
                                    :
           Respondent :

# **O R D E R**

AND NOW, this 20th day of August, 2021, the Application to Withdraw as Counsel filed by Warnell Boyd's court-appointed attorney, Kent D. Watkins, Esquire, is GRANTED, and the order of the Pennsylvania Parole Board dated November 6, 2020, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge