IN THE COMMONWEALTH COURT OF PENNSYLVNIA

Ian M. Dougherty, :
    Petitioner : 
  :
  v. : No. 131 M.D. 2022
  : Submitted: October 10, 2023
PA. Dept. of Corrections, et al., :
    Respondent :

BEFORE: HONORABLE ANNE E. COVEY, Judge
     HONORABLE LORI A. DUMAS, Judge
     HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT    FILED:  January 16, 2024

   Ian M. Dougherty (Dougherty), *pro se*, has filed a petition for review in this Court's appellate and original jurisdiction.  He contends that the Pennsylvania Department of Corrections (Department) violated his due process rights and subjected him to inhumane treatment as punishment for a positive drug test.  In response, the Department has filed preliminary objections, demurring to the petition for review and challenging our appellate jurisdiction to consider this matter.[1]  For the reasons to follow, we quash the petition for review to the extent it is addressed to our appellate jurisdiction and sustain the preliminary objections in the nature of a demurrer to the extent it is addressed to our original jurisdiction.

---

[1] An objection to this Court's appellate jurisdiction should be presented in a petition to quash. PA.R.A.P. 1516(a) (no pleading, including a preliminary objection, can be filed in response to an appellate petition for review).  In the interest of judicial economy, the Court will treat the Department's challenge to this Court's appellate jurisdiction as a motion to quash the appellate portion of the petition for review.  *See Zinc Corporation of America v. Department of Environmental Resources*, 603 A.2d 288, 289 n.1 (Pa. Cmwlth. 1992).

Dougherty's petition for review alleges the facts that follow. Dougherty is an inmate currently incarcerated at the State Correctional Institution – Houtzdale. In December 2021, the Department collected urine for drug testing and thereafter notified him that he had tested positive for Buprenorphine.[2] Petition for Review at 2. Consequently, the Department issued a misconduct report (No. D504674) for possession/use of a controlled substance.

The petition alleges that at a disciplinary hearing on January 5, 2022, Dougherty pleaded not guilty to the misconduct report. He requested witness appearances, the lab report, and representation, all of which were denied by the hearing examiner, who stated, "I don't need to see the results. You are . . . guilty, put in an appeal."[3] Petition for Review at 2-3. As a consequence, Dougherty was placed in the prison's Restricted Housing Unit for 30 days, which Dougherty believes will adversely affect his chances for parole.

Dougherty appealed the misconduct in accordance with the Department's inmate grievance system. In the grievance, Dougherty claimed that the hearing examiner did not follow "policy, procedure and/or due process laws" because Dougherty was not permitted to call witnesses or provided a copy of the urinalysis test result. Petition for Review at 3. Without the urinalysis test results,

---

[2] "Buprenorphine is a medication approved by the Food and Drug Administration for treatment of opioid addiction and is intended for use in combination with counseling and behavioral therapy." *Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269, 1272 n.2 (Pa. Cmwlth. 2021). This medication "produces effects such as euphoria or respiratory depression at low to moderate doses . . . . Because of [B]uprenorphine's opioid effects, it can be misused, particularly by people who do not have an opioid dependency." *Id*. (quotation omitted). In Pennsylvania, Buprenorphine is a Schedule III controlled substance. 28 Pa. Code §25.72(d)(10).

[3] This averment is contradicted by the documents attached to Dougherty's petition. *See* Petition for Review, Attachments DC-141 Part 1 (Misconduct Report), DC-141 Part 2(B) (Disciplinary Hearing Report), and DC-141 Part III (Program Review Committee Action). The Court need not accept as true averments in the petition that conflict with documents attached to the petition. *Savage v. Storm*, 257 A.3d 187, 191 (Pa. Cmwlth. 2021).

Dougherty claims he was deprived notice and prevented from "marshaling the facts and preparing a defen[s]e[.]" *Id.*

Dougherty's petition seeks a declaratory judgment that the Department's actions have violated his rights under the Fifth,[4] Eighth[5] and Fourteenth[6] Amendments to the United States Constitution and a writ of mandamus. For relief, the petition requests the Court to "grant" his "petition for review and make a briefing for both parties." Petition for Review at 6.

The Department has filed preliminary objections in the nature of a demurrer. First, the Department argues that this Court lacks appellate jurisdiction to review its inmate grievance process. Second, the Department argues that Dougherty has not stated a due process claim because the hearing examiner has discretion to determine what evidence is relevant and necessary, and an inmate does not have a liberty interest in remaining in general population. Third, the Department argues that Dougherty has not stated a claim under the Eighth Amendment because the use of restricted housing units is not cruel and unusual punishment. Fourth, the Department argues that the petition for review does not comply with PA.R.CIV.P. 1022 because it is not divided into paragraphs numbered consecutively.

Dougherty did not file a brief in opposition to the Department's preliminary objections.[7]

---

[4] U.S. CONST. amend. V. It states, in part: "No person shall . . . be deprived of life, liberty, or property, without due process of law[.]" *Id.*

[5] U.S. CONST. amend. VIII. It states that "[e]xcessive bail shall not be required, nor excessive fines imposed, *nor cruel and unusual punishments inflicted.*" *Id.* (emphasis added).

[6] U.S. CONST. amend. XIV. It states, in part, that no state shall "deprive any person of life, liberty, or property, without due process of law." *Id.*, §1.

[7] By order dated December 9, 2022, the Court noted that Dougherty's brief had been due on October 31, 2022, and had not been filed. The Court directed Dougherty to file his brief on or

3

"[T]he question presented in a demurrer is whether, on the facts averred, the law indicates with certainty that no recovery is possible." *Stilp v. General Assembly*, 974 A.2d 491, 494 (Pa. 2009). In ruling on preliminary objections in the nature of a demurrer, this Court must consider as true all well-pleaded material facts set forth in the petition and all reasonable inferences that may be drawn from those facts. *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010). We "need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion." *Id*. To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them." *Id*.

"When ruling on a demurrer, a court must confine its analysis to the complaint." *Torres*, 997 A.2d at 1245. "Thus, the court may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Order of Police Lodge No. 5 by McNesby v. City of Philadelphia*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021). "[D]ocuments attached as exhibits [and] documents referenced in the complaint . . . may also be considered." *Id*. at 542.

The Department has promulgated regulations that give inmates the vehicle for reviewing and resolving inmate grievances. The Pennsylvania Code provides, in relevant part, as follows:

> The Department will maintain an inmate grievance system which will permit any inmate to seek review of problems which the inmate experiences during the course of confinement. The system will provide for review and resolution of inmate grievances at the most decentralized level possible. It will also

before December 27, 2022. Instead of filing a brief, Dougherty requested another extension. The Court granted the extension, and Dougherty's brief in opposition to preliminary objections was due on or before March 1, 2023. Dougherty did not file a brief.

4

provide for review of the initial decision making and for possible appeal to the Central Office of the Department. An inmate will not be disciplined for the good faith use of the grievance systems. However, an inmate who submits a grievance for review which is false, frivolous or malicious may be subject to appropriate disciplinary procedures. A frivolous grievance is one in which the allegations or the relief sought lack any arguable basis in fact as set forth in DC-ADM 804--Inmate Grievance System, which is disseminated to inmates.

37 Pa. Code §93.9(a). *See also* Department of Corrections Policy Statement DC-ADM 801 (relating to inmate discipline), https://www.cor.pa.gov/About%20Us/Documents/DOC%20Policies/801%20Inmate%20Discipline.pdf (last visited January 16, 2024).

With this background, we address the Department's preliminary objections.

The Department first argues that this Court lacks jurisdiction to consider an appeal of Dougherty's denial of a grievance. We agree.

"Inmate misconducts are a matter of internal prison management and, thus, do not constitute adjudications subject to appellate review." *Hill v. Department of Corrections*, 64 A.3d 1159, 1167 (Pa. Cmwlth. 2013). As our Supreme Court explained in *Bronson v. Central Office Review Committee*, 721 A.2d 357, 358-59 (Pa. 1998) (internal citations and quotations omitted):

Unlike the criminal trial and appeals process where a defendant is accorded the full spectrum of rights and protections guaranteed by the state and federal constitutions, and which is necessarily within the ambit of the judiciary, the procedures for pursuing inmate grievances and misconduct appeals are a matter of internal prison administration and the full panoply of rights due a defendant in a criminal prosecution is not necessary in a prison disciplinary proceeding. Therefore, the [C]ommonwealth [C]ourt does not have appellate jurisdiction, under 42 Pa. C.S

5

§763, over inmate appeals of decisions by intra-prison disciplinary tribunals.

Consequently, this Court lacks appellate jurisdiction to review the Department's decision on Dougherty's grievance.

Accordingly, we quash the portion of Dougherty's petition for review addressed to this Court's appellate jurisdiction.

The Department next argues that the original jurisdiction portion of Dougherty's petition for review does not state a due process claim, whether in mandamus or declaratory judgment. The Department contends that Dougherty received all the process he was due on his misconduct, notwithstanding the denial of his witness request and a copy of his urinalysis test results. Further, Dougherty has no right to a hearing before being placed in the restricted housing unit as a sanction for his misconduct.

In the context of prison disciplinary proceedings, procedural due process requires three components: (1) a written notice of the violation at least 24 hours in advance of the hearing, (2) a written statement by the fact finder regarding the evidence relied upon and reasons for the disciplinary action, and (3) a *qualified* right to call witnesses and present documentary evidence where institutional safety or correctional goals will not be placed in hazard. *See Robson v. Biester*, 420 A.2d 9, 12 (Pa. Cmwlth. 1980) (citing to *Wolff v. McDonnell*, 418 U.S. 539 (1974)). Dougherty asserts that the Department did not comply with the third component.

This Court has explained that the first inquiry is whether the inmate is even entitled to procedural due process in the inmate's particular circumstances.

> *Procedural due process rights are triggered by deprivation of a legally cognizable liberty interest.* For a prisoner, such a deprivation occurs when the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary

6

incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 [] (1995). Lesser restraints on a prisoner's freedom are deemed to fall "within the expected perimeters of the sentence imposed by a court of law." *Id.* If a prisoner ha[s] no protected liberty interest in remaining free of disciplinary custody, then the state owes him no process before placing him in disciplinary confinement.

*Feliciano v. Pennsylvania Department of Corrections*, 250 A.3d 1269, 1275-76 (Pa. Cmwlth. 2021) (emphasis added) (quoting *Brown v. Blaine*, 833 A.2d 1166, 1172 (Pa. Cmwlth. 2003)). This Court has adopted the test announced in *Aref v. Lynch*, 833 F.3d 242 (D.C. Cir. 2016), for determining whether a legally cognizable liberty interest has been adversely affected by the inmate's housing:

> [The court must] consider (i) the conditions of confinement relative to administrative segregation, (ii) the duration of that confinement generally, and (iii) the duration relative to length of administrative segregation routinely imposed on prisoners serving similar sentences. We also emphasize that a liberty interest can potentially arise under less[ ]severe conditions when the deprivation is prolonged or indefinite.

*Feliciano*, 250 A.3d at 1279 (quoting *Aref*, 833 F.3d at 255).

In his petition for review, Dougherty states that he requested to call Corrections Officer (CO) Bloom as a witness at his misconduct hearing. Attached to his petition was a form titled "Inmate Request for Representation and Witnesses," on which he wrote: (1) at the time of the urinalysis, "this CO told me and showed me the urinalysis cup had a foreign substance in it, and he still sealed it after I asked what it was, said I was willing to piss again[;]" and (2) "the video from date said on report not same day that I was there shows a fire in R&D [urinalysis room] at time, may have affected sample." Petition for Review, Attachment 1-D. Dougherty requested a copy of the lab results to see the "test date, results, signature." *Id*. The

7

hearing officer denied his request, explaining that "witnesses are not needed to establish guilt or innocence." *Id.*, Attachment 4-A.

"Inmates in misconduct hearings are not entitled to 'the same panoply of procedural rights afforded a criminal defendant.'" *Commonwealth ex rel. Jackson v. Wetzel* (Pa. Cmwlth., No. 47 M.D. 2017, filed July 21, 2022) (unreported),[8] slip op. at 6 (quoting *Melton v. Beard*, 981 A.2d 361, 365 (Pa. Cmwlth. 2009)). "An inmate's rights are allowed to be restricted by 'the nature of the regime to which [he has] been lawfully committed.'" *Commonwealth ex rel. Jackson*, slip op. at 6 (quoting *Wolff*, 418 U.S. at 556). The Department's policy allows an inmate to call witnesses where their testimony is necessary "to establish the guilt or innocence of the inmate." Department of Corrections Procedural Manual DC-ADM 801, Section 3.D. *See also* 37 Pa. Code §93.10(b)(3). Whether an inmate's request meets that standard is committed to the discretion of the hearing examiner. *Commonwealth ex rel. Jackson*, slip op. at 6.

Here, the written report of CO Bloom established Dougherty's guilt. The testimony of CO Bloom would not establish Dougherty's innocence and, thus, was unnecessary.[9] Petition for Review, Attachment 4-A. Dougherty does not explain that CO Bloom's report was false or how he was prejudiced in having his

---

[8] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]" Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

[9] The hearing officer stated as follows:

> [Hearing examiner] believes Officer Bloom's written report to be more credible than [Dougherty's] denial. On 12/20/21 at 0835 hrs., [] Dougherty provided a urine sample to SCI Houtzdale staff for a random urinalysis drug screen test. [] Dougherty's sample yielded a positive result for Buprenorphine at a level of 116ng/ml. SCI Houtzdale medical department informed Officer Bloom that [] Dougherty is not prescribed any medication that would give a false positive reading.

Petition for Review, Attachment 4-A.

8

request denied.  In short, the denial of Dougherty's request to call CO Bloom as a witness does not state a due process claim.  *See generally Henderson v. Wood* (Pa. Cmwlth., No. 700 C.D. 2009, filed July 17, 2009) (unreported) (inmate does not state a due process claim where prejudice is not shown).

Dougherty also claims that the Department violated his due process rights[10] by failing to provide him his urinalysis test results and internal reports on his disciplinary sanction.[11]  In *Tyler v. Department of Corrections* (Pa. Cmwlth., No. 302 M.D. 2021, filed June 8, 2023) (unreported), the inmate requested that videos of the incident that triggered the misconduct be viewed by the hearing examiner at the hearing thereon.  He also asked to call the corrections officer as a witness.  The hearing examiner viewed one video and took the testimony of the corrections officer under oath, outside the inmate's presence.  The hearing examiner then determined that it was unnecessary to view the second video.  We concluded that the inmate did not state a due process claim.

---

[10] In *Coats v. Department of Corrections* (Pa. Cmwlth., No. 329 M.D. 2022, filed October 2, 2023) (unreported), this Court considered whether it has subject matter jurisdiction to consider the substance of an inmate's procedural due process claim.  There, the inmate asserted that the disciplinary proceedings afforded to him were atypical and caused him a significant hardship, but he did not challenge the sanction imposed.  In construing the inmate's pleadings liberally, this Court inferred that the inmate believed that the discipline would result in a denial of parole.  However, an inmate does not have a liberty interest in the grant of parole; therefore, the denial of parole, without more, is not an atypical and significant hardship that can be presented to this Court in an original jurisdiction action.  By contrast, giving an expansive read to Dougherty's petition for review, he has pled an atypical hardship sufficient to trigger due process.

[11] In his internal grievances, Dougherty stated that, while waiting in the room to provide a urine sample, a fire started and "a C.O. grabbed a fire extinguisher and put out the fire.  However, the room stayed smoky for about 40 minutes."  Petition for Review, Attachment 1-E.  Dougherty believes that the smoke could have contaminated his urinalysis because he used a cup that had been on CO Bloom's desk where the fire extinguisher was used.  Dougherty does not explain in either the internal grievances or in his petition for review how a fire or smoke could cause a false positive reading.

First, the inmate was not entitled to be present to hear the corrections officer's testimony or to cross-examine him. Second, the inmate was not entitled to explain to the hearing examiner what was being said in the video that lacked audio. Neither opportunity was required by *Wolff*, 418 U.S. at 567, and, thus, the inmate did not state a due process claim.

Like the inmate in *Tyler*, Dougherty requested information for a misconduct hearing, specifically his urinalysis results, but the Department denied his request. However, the lab results were available to the hearing examiner, *see* Petition for Review, Attachment DC-141 Part III (Program Review Committee Action), and he reviewed the results. Petition for Review, Attachments DC-141 Part 2(B) (Disciplinary Hearing Report), DC-141 Part 1 (Misconduct Report). Dougherty is not entitled to anything more. Accordingly, we are constrained to conclude that the petition for review does not state a due process claim.[12]

Dougherty next asserts that his placement in the restricted housing unit violated the Eighth Amendment's prohibition against cruel and unusual punishment. Dougherty asserts that the Department "cannot carry out abusive, inhumane punishment of people found guilty of any crime (misconduct) without sufficiency of evidence." Petition for Review at 5. Dougherty argues that the allegations in his petition show "that he has endured some kind of cruel and unusual punishment." Dougherty Answer to Preliminary Objections ¶7. The Department counters that these allegations do not rise to the level of cruel and unusual punishment.

---

[12] In his Answer to the Department's preliminary objections, Dougherty also states that his due process rights were violated when he was not afforded representation at the misconduct hearing. Dougherty claims that the Department was aware that he had a "record of mental disabilities." Dougherty Answer to Preliminary Objections ¶3. Dougherty does not identify any disability which would prevent him from advocating for himself. Further, the documentation attached to his petition for review directly contradicts his asserted mental disabilities and need for representation. Petition for Review, Attachment DC-141, Part III.

Under the Eighth Amendment, the government may not inflict "cruel and unusual punishments." U.S. CONST. amend. VIII. To that end, "[p]rison officials must ensure that inmates are not deprived of the 'minimal civilized measure of life's necessities,' including food, clothing, shelter, sanitation, medical care, and personal safety." *Tindell v. Department of Corrections*, 87 A.3d 1029, 1041 (Pa. Cmwlth. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)).

The Department is authorized to make rules concerning the management of state correctional institutions. *Small v. Horn*, 722 A.2d 664, 669 (Pa. 1998). The Department has exercised this authority by promulgating a regulation at 37 Pa. Code §93.11 to govern housing of inmates; it provides as follows:

> (a) An inmate does not have a right to be housed in a particular facility or in a particular area within a facility.

> (b) Confinement in a restricted housing unit (RHU), other than under procedures established for inmate discipline, will not be done for punitive purposes. The Department will maintain written procedures which describe the reasons for housing an inmate in the RHU and require due process in accordance and with established principles of law for an inmate who is housed in the RHU. Inmates confined in the RHU will be reviewed periodically by facility staff.

37 Pa. Code §93.11. Inmates found guilty of a Class 1 misconduct charge may be subjected to one or more of the following sanctions:

> (i) Reduction of the classification of the misconduct to a Class II and any sanction permitted for Class II misconducts.

> (ii) A sanction permitted for Class II misconducts, without change in class of misconduct.

> (iii) *Change of cell assignment, including placement in the restricted housing unit* or restrictive confinement in a general

11

population cell *for a period not to exceed 90 days for any one misconduct charge*.

(iv) Change of program level.

37 Pa. Code §93.10(a)(1) (emphasis added).

Dougherty does not allege that he has been denied any of life's necessities, such as food or clothing. Placement in the restricted housing unit as a sanction for his misconduct does not, in itself, violate the Eighth Amendment's ban on cruel and unusual punishment. *Tindell*, 87 A.3d at 1042 (use of restricted housing units or isolation cells alone has not been held to constitute a violation of the Eighth Amendment ban on cruel and unusual punishment). Moreover, "it is entirely a matter of the Department's discretion where to house an inmate." *Clark v. Beard*, 918 A.2d 155, 160 (Pa. Cmwth. 2007). Under the Department's regulation, an "inmate does not have a right to be housed in a particular facility or in a particular area within a facility." 37 Pa. Code §93.11.

Here, Dougherty's Eighth Amendment claim is based upon his placement in restricted housing for 30 days, which does not, in itself, constitute cruel and unusual punishment. Accordingly, his petition for review does not state an Eighth Amendment claim.

For the reasons set forth above, we quash the petition for review to the extent it is addressed to our appellate jurisdiction and sustain the preliminary objections in the nature of a demurrer to the extent it is addressed to our original jurisdiction. The petition is dismissed with prejudice.[13]

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[13] Because of our disposition, we need not address the Department's remaining preliminary objection about the paragraphs in the petition being numbered.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ian M. Dougherty, :
          Petitioner :
           :
          v. : No. 131 M.D. 2022
           :
PA. Dept. of Corrections, et al., :
          Respondent :

# **O R D E R**

AND NOW, this 16th day of January, 2024, the preliminary objections in the nature of a demurrer filed by the Pennsylvania Department of Corrections, et al. to Ian M. Dougherty's petition for review addressed to this Court's original jurisdiction are SUSTAINED, and the petition for review is DISMISSED. Ian M. Doughtery's petition for review addressed to this Court's appellate jurisdiction is QUASHED.

_____
MARY HANNAH LEAVITT, President Judge Emerita